## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| MANFRED KEAIS, *Individually and as the Natural Parent and as Administrator of the Estate of Eric Christopher Keais, Deceased,*  ) ) ) ) | **JURY TRIAL DEMANDED** |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | CIVIL ACTION FILE |
| ) | |
| RALPH WILLIAM DOVER, III;  ) | |
| OTHEL D. KELLEY, III, *Individually and in his official capacity*;  ) ) | NO.: _____ |
| JAMES C. NEWSOME, JR., *Individually and in his official capacity*;  ) ) | |
| CEDARTOWN POLICE DEPARTMENT;  ) | |
| and CITY OF CEDARTOWN,  ) | |
| ) | |
| Defendants.  ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Manfred Keais, *Individually and as the Natural Parent and as Administrator of the Estate of his Deceased son Eric Christopher Keais*, and files this Complaint against Defendants Ralph William Dover, III, Othel D. Kelley, III, *individually and in his official capacity,* James C. Newsome, Jr., *Individually and in his official capacity*, Cedartown Police Department, and City of Cedartown and respectfully shows this Court as follows:

## PRELIMINARY STATEMENT

1.

This is a 42 U.S.C. §§ 1983 and 1985 federal civil rights action and state law wrongful death action arising out of a hit-and-run motor vehicle collision caused by Defendant Ralph Dover when he struck a bicyclist, Eric Keais, and left him on the side of the road to die. Defendant Dover,

acting in concert with Defendant and Georgia House of Representatives Majority Whip Othel Kelley, III, and Defendant and Cedartown Police Department Police Chief James Newsome, Jr., conspired to cause further injury to the victim by deliberately failing to report the collision or to render aid, and their actions directly and proximately caused Mr. Keais' death.

2.

Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1985, and 1988 and Georgia law.  Defendants are liable to the Plaintiff for the violations of Eric Keais' civil rights as said rights are secured by federal and state laws and the Constitutions of the State of Georgia and the United States.

## **JURISDICTION**

3.

This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, as well as the Fourteenth Amendment of the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and the aforementioned constitutional and statutory provisions.

4.

Plaintiff further invokes this Court's pendant or supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## **VENUE**

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and other applicable law

because the cause of action arose in Polk County, Georgia, which is situated within the district and divisional boundaries of the Rome Division of the Northern District of Georgia, and on the further grounds that all of said Defendants are domiciled within said District and Division.

6.

All of the parties herein are subject to the jurisdiction and venue of this Court.

**<u>PARTIES</u>**

7.

The decedent, Eric Christopher Keais, was a 38-year old male who died intestate on September 11, 2019.  At the time of this death, Eric Keais was unmarried and had no children. Manfred Keais is the natural father of Eric Keais and his next of kin.  Manfred Keais is a citizen of the United States and a resident of the State of Georgia and has the legal capacity to bring this action.

8.

Defendant Ralph William Dover, III is a citizen and resident of Polk County, Georgia. Dover may be served with process by delivering a copy of the Complaint and summons to his address at 76 Ayers Road, Aragon, Georgia 30153.

9.

Defendant Othel D. Kelley, III, a licensed attorney and a duly elected member of the Georgia House of Representatives, is a citizen and resident of Polk County, Georgia.  Kelley may be served with process by delivering a copy of the Complaint and summons to his address at 1669 Cave Springs Road, Cedartown, Georgia 30125.

10.

Defendant James C. Newsome, Jr. is the Police Chief for the Cedartown Police Department

and is responsible for the supervision and operation of the Cedartown Police Department. At all times relevant to this litigation, Newsome was employed with the Cedartown Police Department and the City of Cedartown and was acting within the scope and course of his employment and under the color of state law. Newsome is a citizen and resident of Polk County, Georgia and may be served with process by delivering a copy of the Complaint and summons to his address at 711 Fullwood Springs Road, Cedartown, Georgia 30125.

11.

Defendant Cedartown Police Department ("CPD") is an agency or political subdivision of City of Cedartown, Georgia, and is responsible for the safe keeping and protection of human life and to assist individuals who are in danger of physical harm within the jurisdiction of the City of Cedartown. Defendant CPD may be served with process by delivering a copy of the Complaint and summons to Police Chief James Newsome at 118 Philpot Street, Cedartown, Georgia 30125.

12.

Defendant City of Cedartown ("City") was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of Georgia. Defendant City is authorized to maintain a police department which acts as its law enforcement agent and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of its police force and is charged with enforcement of all state and municipal law within the municipality and the employment of its police officers. Defendant City may be served with process by delivering a copy of the Complaint and summons to the Chairman of the City of Cedartown Board of Commissioners, Andrew Carter, at 201 East Avenue, Cedartown, Georgia 30125.

## STATEMENT OF FACTS

13.

On September 11, 2019, Defendants Dover and Kelley hung out together at the local County Fair.  Early that evening, both Dover and Kelley left the Fair and headed back into Cedartown.

14.

Defendant Dover was in his Hyundai Santa Fe SUV and traveling North on a two-lane North Main Street.

15.

Around the same time, Eric Keais was riding his red bicycle home North on North Main Street.

16.

Defendant Dover's SUV struck Mr. Keais with such force that his body was propelled and thrown over the SUV.

17.

The SUV sustained extensive damages from the impact, including a shattered and caved in front windshield, broken head light, caved in hood and fender, and red paint from the bicycle on the front bumper.

18.

Defendant Dover did not stop after striking Mr. Keais.

19.

 Defendant Dover did not call 911.

20.

Defendant Dover did not look for his victim or make any attempt to render aid.

21.

Defendant Dover left the scene of the collision and left his victim behind.

22.

Defendant Dover pulled into a gas station and spoke with Defendant Kelley about what to do with the collision that just occurred.  The two discussed the hit-and-run further at the gas station.

23.

Defendant Kelley saw the extensive damages to the SUV, but he did not call 911.

24.

At some point, Defendant Kelley left the gas station and went to the hit-and-run collision site and saw the crumpled up red bicycle.

25.

Defendant Kelley, an attorney and a community leader, did not call 911.

26.

Defendant Kelley did not look for the victim or make any attempt to render aid.

27.

Upon information and belief, Defendant Kelley called a partner at his law firm and spoke to him about the hit-and-run.

28.

Sometime after 9 P.M., Defendant Kelley called the Cedartown Police Chief, Defendant Newsome, at home and asked for his help.

29.

Defendant Kelley informed Defendant Newsome about the hit-and-run collision and the damaged red bicycle at the collision site.

30.

Defendant Cedartown Police Department ("CPD")'s Standard Operating Procedures mandate that when a member of the CPD is alerted to a seriously injured person on the street, that officer is required to notify the dispatcher, and an ambulance or the fire department rescue unit is required to be dispatched.

31.

Upon hearing about the damaged red bicycle and the likelihood of a seriously injured victim on the street, Defendant Newsome did not call 911 or notify the dispatcher.

32.

Defendant Newsome did not call for the fire department rescue unit or for an ambulance to be dispatched.

33.

Defendant Newsome made no attempts to obtain help for the hit-and-run victim.

34.

Per Defendant CDC's Standard Operating Procedures, Chief of Police has the ultimate responsibility of the police department for the preservation of life.

35.

Defendant Newsome instructed Defendants Kelley and Dover to stay at the nearby Dollar General parking lot and wait for the help he was sending their way.

36.

Defendant Newsome radioed one of his officers, Sergeant Turner, and asked for a call back on his cell phone.

37.

Per Defendant CDC's Standard Operating Procedures, the first and foremost important duty of the first officer responding to an accident scene is to search for the injured.  CDC officers are required to provide aid to the injured and to summon medical assistance if necessary.

38.

Despite informing Sgt. Turner of his fear that a person had been hit by a vehicle, Defendant Newsome ordered Sgt. Turner to go to the Dollar General parking lot first to meet with Defendants Kelley and Dover.

39.

Defendant Newsome did not instruct Sgt. Turner to call 911 or to look for the injured victim.

40.

As ordered, Sgt. Turner first met and conferred with Defendants Kelley and Dover at the Dollar General parking lot and reviewed the damages to the SUV before driving over to the collision site to search for the victim.

41.

At the collision site, Sgt. Turner found Eric Keais' ball cap on the fog line of the Main Street road and a bicycle pedal on the fog line just South of the ball cap.  Sgt. Turner also found the damaged red bicycle.

42.

A short distance South from the crumpled up red bicycle, Sgt. Turner saw a foot with white sock and soon discovered Eric Keais still alive on the side of the road.  Sgt. Turner confirmed Mr. Keais was still breathing and had a pulse.

43.

Sgt. Turner called for Fire Rescue and EMS, which arrived within two minutes from the dispatch.

44.

Defendant Newsome arrived at the hit-and-run site to supervise the investigation.

45.

Defendant CDC's Standard Operating Procedures require initial investigating officer to thoroughly investigate the crime and develop enough information leading to the arrest of the person responsible for the crime.

46.

Defendant Dover was not given a breathalyzer test, blood test or subjected to any field sobriety test in connection with the hit-and-run collision.

47.

By the time Eric Keais was finally transported to a nearby hospital less than ten minutes away, it was too late, and he went into a traumatic cardiac arrest and died from his injuries at 10:15 P.M. on September 11, 2019.

48.

Eric Keais' death was ruled a vehicular homicide by the coroner.

49.

Defendant CDC's Standard Operating Procedures mandate physical arrests to be made where vehicular homicides or hit-and-run with injury or damage occurs.

50.

Despite having left his victim in a critical condition and fleeing the scene, Defendant Dover was not arrested.

51.

Even after the hit-and-run was also ruled a vehicular homicide, Defendant Dover was not arrested.

52.

Defendant Cedartown Police Department has never arrested or charged Defendant Dover with any crime in connection with Eric Keais' death.

## FIRST CLAIM FOR RELIEF:
## State Claim - Negligence/Wrongful Death

53.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 52 above as if they were fully restated verbatim herein.

54.

Defendant Dover owed certain civil duties to Eric Keais to exercise the requisite care and caution and to adhere to the laws of the State of Georgia in the operation of his vehicle.

55.

Defendant Dover did violate his duties and was negligent in the following respects:

   a.   In failing to make reasonable and proper observations while driving;

b.  In failing to exercise requisite due care while driving;

c.  In failing to maintain reasonable control of his SUV;

d.  In driving his SUV without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

e.  In driving his SUV in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390;

f.  In otherwise failing to use reasonable care to avoid the within described collision and the losses suffered by Eric Keais;

g.  In failing to stop after causing the collision and leaving the scene in violation of O.C.G.A. § 40-6-270;

h.  In failing to call 911 or ambulance to render aid to his victim; and

i.  In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

56.

As a direct and proximate result of the breaches of duty by Defendant Dover, Eric Keais suffered serious, life-threatening injuries and endured pain and suffering, as well as sustaining other damages and expenses.

57.

Defendant Kelley, an attorney and the Georgia House of Representatives Majority Whip, used his political office and influence to obtain an improper personal favor from Defendant Newsome with regard to the September 11, 2019 hit-and-run collision.

58.

Defendant Newsome, who had complete control and authority over the September 11, 2019 hit-and-run police investigation, agreed to help Defendants Kelley and Dover.  In doing so, Defendant Newsome violated several of CDC'S Standard Operating Procedures to the detriment of the injured victim, Eric Keais.

59.

Defendants Dover, Kelley and Newsome conspired to cover up the seriousness of the hit-and-run by manipulating the police investigation.  These Defendants acted in concert to put Mr. Keais' life in further jeopardy by recklessly and intentionally delaying and depriving him of life-saving medical treatment.

60.

Defendant Newsome breached his duty to Mr. Keais and violated his rights and privileges by discriminatorily enforcing the law and selectively applying the police policies and procedures.

61.

The actions of Defendants Dover, Kelley and Newsome in failing to call 911, request an ambulance or otherwise render aid to Eric Keais directly and proximately caused his death.

62.

Under O.C.G.A. § 51-1-6, when the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers thereby.

63.

Plaintiff Manfred Keais, individually and as the natural parent of Eric Keais, is entitled to

recover damages suffered by his son, including but not limited to the full value of his life, as well as the damages he has suffered for losing his son.

64.

Plaintiff Manfred Keais, as Administrator of the Estate of Eric Keais, is entitled to recover damages suffered by his son, including but not limited to damages for violations of Eric's constitutional rights, pain and suffering, medical and funeral expenses, compensatory damages, and punitive damages.

**SECOND CLAIM FOR RELIEF:**
**State Claim - Intentional/Negligent Infliction of Emotional Distress**

65.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 64 above as if they were fully restated verbatim herein.

66.

In order to cover up the seriousness of the crime committed against Eric Keais, Defendants Dover, Kelley and Newsome intentionally delayed getting Mr. Keais the critical, life-saving medical treatment.  Instead, these Defendants forced Mr. Keais to lie in unbearable pain, with his life slip away.

67.

Defendants Dover, Kelley and Newsome's conduct as set out above was outrageous and inexcusable and deliberate in causing pain, agony, fright, shock and terror to Eric who, likely knew his death was imminent.

68.

The distress inflicted upon Mr. Keais by Defendants Dover, Kelley and Newsome proximately caused or contributed to his emotional distress and substantial injury prior to his death.

## THIRD CLAIM FOR RELIEF:
## Georgia Tort Claims Act

### 69.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 68 above as if they were fully restated verbatim herein.

### 70.

At all times relevant to this litigation, Defendant Newsome was acting within the scope and course of his employment with the Cedartown Police Department and the City of Cedartown.

### 71.

With regard to hit-and-run collision involving Eric Keais, Defendant Newsome was performing a ministerial function and not a discretionary function as defined by the Georgia Tort Claims Act, O.C.G.A. § 36-33-1.

### 72.

Defendant Newsome is liable to the Plaintiff for failing to properly perform his ministerial duties as related to Eric Keais.

### 73.

Plaintiff gave timely notices to Defendants Newsome, CPD, and City of this claim pursuant to the provisions of the Georgia Tort Claims Act, O.C.G.A. § 36-33-5 and has complied with all conditions precedent to brining a claim under the Georgia Tort Claims Act.

## FOURTH CLAIM FOR RELIEF:
## State Claim - Negligent Training/Retention/Supervision

### 74.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 73 above as if they were fully restated verbatim herein.

75.

Defendants CPD and City negligently trained, retained, and/or supervised Defendant Newsome, whose acts and conduct directly and proximately caused Eric Keais' death and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of Georgia.

76.

Defendants CPD and City's failure to properly train and/or supervise Defendant Newsome caused or contributed to his improper or unskilled performance of his ministerial duties, which was a direct and proximate cause of Mr. Keais' injuries.

77.

As a result of the foregoing, Eric Keais was forced to suffer emotional, psychological, and physical injuries, as well as a violation of his civil rights.

## FIFTH CLAIM FOR RELIEF:
## 42 U.S.C. 1983 – Violation of Civil Rights

78.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 77 above as if they were fully restated verbatim herein.

79.

Defendants City, Newsome and Kelley are each "persons" within the meaning of 42 U.S.C. § 1983.

80.

Defendant Newsome, acting under the color and authority of state law, has intentionally, recklessly, and with deliberate indifference violated Eric Keais' rights, privileges, and immunities

secured by the Fourteenth Amendment of the United States Constitution and its laws pursuant to 42 U.S.C. § 1983.

81.

Defendant Newsome, as the final authority on accident investigations, intentionally, recklessly, and with deliberate indifference violated Mr. Keais' Fourteenth Amendment right to equal protection of the laws by delaying or otherwise depriving him of life-saving medical treatment.

82.

Defendant City is liable for the decisions, customs or practices made by its policy-maker, to wit: Defendant Newsome, as it relates to police investigations.

83.

Defendant Kelley, acting under the color and authority of state law by virtue of his political office, improperly influenced the September 11, 2019 hit-and-run police investigation, and in doing so, Defendant Kelley knowingly and deliberately violated Eric Keais' federally protected rights and privileges.

84.

In the alternative, Defendant Kelley, in his individual capacity, corrupted or contributed to corrupting Defendant Newsome's official powers and duties for improper personal gain.  In doing so, Defendant Kelley knowingly and deliberately violated Eric Keais' federally protected rights and privileges.

85.

Plaintiff brings the present action against Defendant Newsome in his official capacity as an employee of Defendant City, and individually insofar as his reckless, intentional and/or

deliberate indifference to Mr. Keais' life-threatening condition and to his federally protected rights.

86.

Plaintiff brings the present action against Defendant Kelley in his official capacity as an employee of the State of Georgia, and individually insofar as his reckless, intentional and/or deliberate indifference to Mr. Keais' life-threatening condition and to his federally protected rights.

87.

As a result of Defendants' actions in depriving Eric Keais of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourteenth Amendment to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983, Eric Keais has suffered damages as outlined herein, of which Plaintiff is entitled to recover.

**SIXTH CLAIM FOR RELIEF:**
**42 U.S.C. 1983 - Government Entity Liability**

88.

Plaintiff realleges and incorporates by reference Paragraphs 1 through 87 above as if they were fully restated verbatim herein.

89.

Defendant Newsome violated Eric Keais' Fourteenth Amendment right to equal protection of the laws by manipulating his police investigation and depriving and delaying life-saving medical treatment Newsome was obligated to provide.

90.

Defendant City's official policy or custom of allowing Defendant Newsome to manipulate the police investigation led to the violation of Eric Keais' federally protected rights and privileged,

and ultimately, deprived him of his life.

### SEVENTH CLAIM FOR RELIEF:
### 42 U.S.C. 1985 – Conspiracy to Interfere With Civil Rights

91.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 90 above as if they were fully restated verbatim herein.

92.

On September 11, 2019, Defendants Dover, Kelley and Newsome conspired to cover up the hit-and-run collision involving a bicyclist, Eric Keais, and in doing so, violated his federally protected civil rights.

93.

Defendant Newsome, in his capacity as the Police Chief, manipulated the hit-and-run investigation in furtherance of the Defendants' conspiracy.

94.

Defendants Dover, Kelley and Newsome acted in concert to deprive Eric Keais of the equal protection under the laws, as well as the rights, privileges, and immunities afforded to him under the United States Constitution and 42 U.S.C. §§ 1983 and 1985.

95.

Defendants Dover, Kelley and Newsome's acts and conduct directly and proximately injured Mr. Keais' federally protected civil rights and deprived him of his life.

96.

As a result of Defendants' actions in violation of 42 U.S.C. §§ 1983 and 1985, Eric Keais has suffered damages as outlined herein, of which Plaintiff is entitled to recover.

## EIGHT CLAIM FOR RELIEF:
## 42 U.S.C. 1988 – DAMAGES

97.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 96 above as if they were fully restated verbatim herein.

98.

Defendants' malicious and willful conduct not only violated Eric Keais' federally protected civil rights, but the Defendants also caused him extreme physical, mental and emotional injuries that ultimately led to his death.

99.

Plaintiff Manfred Keais, individually and as the natural parent and as Administrator of the Estate of Eric Keais, is entitled to recover from the Defendants all damages suffered by and related to his son.

## NINTH CLAIM FOR RELIEF:
## 42 U.S.C. 1988 – PUNITIVE DAMAGES

100.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 99 above as if they were fully restated verbatim herein.

101.

Defendants Dover, Kelley and Newsome, individually and acting in concert, have acted with a willful, wanton, and reckless disregard of Eric Keais' civil rights.

102.

As a result of Defendants Dover, Kelley and Newsome's malicious, reckless and intentional conduct, Plaintiff is entitled to a punitive damages award against the Defendants in

their individual capacity.

## TENTH CLAIM FOR RELIEF:
## 42 U.S.C. 1988 – ATTORNEY'S FEES

103.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 102 above as if they were fully restated verbatim herein.

104.

Pursuant to 42 U.S.C. § 1988 and state law, Plaintiff is entitled to an award of reasonable attorney's fees and costs of litigation.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all claims raised herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

a.  That the Court grant a trial by jury and enter judgment in favor of Plaintiff and against Defendants on all claims in this Complaint;

b.  That Plaintiff recover for the loss of Eric Keais' life, the deprivation of his civil and constitutional rights, and for all other injuries and sufferings in an amount to be proven at trial;

c.  That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

d.  That Plaintiff recover reasonable attorney's fees and costs of litigation as allowed under 42 U.S.C. § 1988 and state law; and

e.   That Plaintiff have such other and further relief as the Court may deem just and

proper.

This 13th day of September, 2021.

Respectfully submitted,

_____
Min J. Koo
Georgia Bar No. 140984
*Attorney for Plaintiff*

INFINITY TRIAL GROUP, P.C.
One Atlantic Center
1201 W. Peachtree St., Suite 2300
Atlanta, Georgia 30309
T:  (404) 795-5011 / F: (404) 393-9267
E: Min@InfinityTrial.com