## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| MANFRED KEAIS, *Individually and* *as Administrator of the Estate of* *Eric Christopher Keais, Deceased,* ) ) ) | |
| ) | **JURY TRIAL DEMANDED** |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | 4:21-CV-00175-MHC |
| RALPH WILLIAM DOVER, III; ) | |
| OTHEL D. KELLEY, III, *Individually* ) | |
| *and in his official capacity*; ) | |
| JAMES C. NEWSOME, JR., ) | |
| *Individually and in his official capacity*; ) | |
| and CITY OF CEDARTOWN, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## AMENDED COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Manfred Keais, *Individually and as Administrator*

*of the Estate of his Deceased son Eric Christopher Keais*, and files this Amended

Complaint against Defendants Ralph William Dover, III, Othel D. Kelley, III,

*individually and in his official capacity,* James C. Newsome, Jr., *Individually and*

*in his official capacity*, Cedartown Police Department, and City of Cedartown and

respectfully shows this Court as follows:

## PRELIMINARY STATEMENT

1.

This is a 42 U.S.C. §§ 1983 and 1985 federal civil rights action and state law wrongful death action arising out of a hit-and-run motor vehicle collision caused by Defendant Ralph Dover when he struck a bicyclist, Eric Keais, and left him on the side of the road to die  (hereinafter the "Crime").  Defendant Dover enlisted the help of his personal friend, Defendant Othel Kelley, who was a high ranking political official and attorney, with the Crime.  Defendant Kelley, using his influence and authority, enlisted the help of Cedartown Police Department Police Chief, Defendant James Newsome, Jr., to obtain assistance with the Crime. Together, Defendants Dover, Kelley and Newsome conspired to cover up the Crime, and in doing so, knowingly deprived Eric Keais the protection and equal treatment under the law.  These Defendants' actions directly and proximately caused Mr. Keais' death.

2.

Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1985, and 1988 and Georgia law.  Defendants are liable to the Plaintiff for the violations of Eric Keais' civil rights as said rights are secured by federal and state laws and the Constitutions of the State of Georgia and the United States.

## JURISDICTION

3.

This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, as well as the Fourteenth Amendment of the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and the aforementioned constitutional and statutory provisions.

4.

Plaintiff further invokes this Court's pendant or supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## VENUE

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and other applicable law because the cause of action arose in Polk County, Georgia, which is situated within the district and divisional boundaries of the Rome Division of the Northern District of Georgia, and on the further grounds that all of said Defendants are domiciled within said District and Division.

6.

All of the parties herein are subject to the jurisdiction and venue of this Court.

## **PARTIES**

7.

The decedent, Eric Christopher Keais, was a 38-year old male and a resident of Cedartown, Georgia. He died intestate on September 11, 2019. At the time of this death, Eric Keais was unmarried and had no children. Manfred Keais is Eric Keais' father and next of kin. Manfred Keais has been duly appointed as the Executor of the Estate of Eric Keais. He is a citizen of the United States and a resident of the State of Georgia and has the legal capacity to bring this action.

8.

Defendant Ralph William Dover, III is a citizen and resident of Polk County, Georgia. Dover has been personally served with a copy of the Complaint and summons, and he has timely filed his *pro se* answer on October 6, 2021. [Doc. 5].

9.

Defendant Othel D. Kelley, III was a licensed attorney, duly elected member of the Georgia House of Representatives, and duly appointed Municipal Court Solicitor for the City of Cedartown at the time of the Crime. Kelley was employed by the City of Cedartown to prosecute crimes on behalf of the City and the residents of Cedartown. Kelley is a citizen and resident of Polk County, Georgia.

Kelley has been personally served with a copy of the Complaint and summons. [Doc. 4-1].

10.

At all times relevant to this litigation, Defendant James C. Newsome, Jr. was the Police Chief for the Cedartown Police Department and was responsible for the supervision and operation of the Cedartown Police Department.  At all times relevant to this litigation, Newsome was employed with the City of Cedartown and was acting within the scope and course of his employment and under the color of state law.  Newsome is a citizen and resident of Polk County, Georgia and has been personally served with a copy of the  Complaint and summons.  [Doc. 4-2].

11.

Defendant Cedartown Police Department ("CPD" or "Department") is an agency or political subdivision of City of Cedartown, Georgia, and is responsible for the safe keeping and protection of human life and to assist individuals who are in danger of physical harm within the jurisdiction of the City of Cedartown. Defendant CPD has been served with a copy of the Complaint and summons through Police Chief James Newsome.  [Doc. 4-3].

12.

Defendant City of Cedartown ("City") is a municipal corporation, duly organized and existing under by virtue of the laws of the State of Georgia.

Defendant City is authorized to maintain a police department which acts as its law enforcement agent and for which it is ultimately responsible.  Defendant City assumes the risks incidental to the maintenance of its police force and is charged with enforcement of all state and municipal law within the municipality and the employment of its police officers.  Defendant City has been served with a copy of the Complaint and summons through the Chairman of the City of Cedartown Board of Commissioners, Andrew Carter.  [Doc. 4-4].

## STATEMENT OF FACTS

### 13.

On September 11, 2019, Defendants Dover and Kelley hung out together at the local County Fair.  Early that evening, both Dover and Kelley left the Fair and headed back into Cedartown.

### 14.

Defendant Dover was in his Hyundai Santa Fe SUV and traveling north on a two-lane North Main Street.

### 15.

Around the same time, Eric Keais was riding his red bicycle home north on North Main Street.

### 16.

Defendant Dover's SUV struck Mr. Keais with such force that his body was

propelled and thrown over the SUV.

17.

The SUV sustained extensive damages from the impact, including a

shattered and caved in front windshield, broken head light, caved in hood and

fender, and red paint from the bicycle on the front bumper.

18.

Defendant Dover did not stop after striking Eric Keais.

19.

Defendant Dover did not call 911.

20.

Defendant Dover did not look for his victim or make any attempt to render

aid.

21.

Defendant Dover left the scene of the Crime and left his victim behind.

22.

Instead, Defendant Dover enlisted the help of his personal friend, Defendant

Kelley, with handling the Crime.  In addition to being a practicing attorney,

Defendant Kelley was the Georgia House of Representative Majority Whip and

also the duly appointed Cedartown Municipal Solicitor.  Kelley was responsible

for prosecuting crimes on behalf of the City and the residents of Cedartown.

23.

Upon information and belief, Defendant Kelley received a call from Defendant Dover about the Crime around 8:30 P.M. Despite the clear conflict of interest, Defendant Kelley agreed to help Defendant Dover with the Crime and took control over the situation.

24.

Defendant Kelley confirmed the significant damage to Dover's SUV, which included the red paint from Eric Keais' bicycle.

25.

Defendant Kelley went to the hit-and-run Crime scene and saw the crumpled up red bicycle.

26.

Defendant Kelley did not look for the victim and continued to help Dover with handling of the Crime.

27.

Upon information and belief, Defendant Kelley called a partner at his law firm and consulted with him about how to handle the hit-and-run Crime.

28.

Upon information and belief, around 9:11 P.M., Defendant Kelley called the Cedartown Police Chief, Defendant Newsome, on his cell phone at home and

enlisted his help with the Crime.

29.

Defendant Kelley told Defendant Newsome about the hit-and-run Crime and the damaged red bicycle at the Crime scene.

30.

Defendant Newsome agreed to help Kelley and Dover and took control over the situation by directing Kelley and Dover and the investigation.

31.

Cedartown Police Department's Standard Operating Procedures mandate that when a member of the Department is alerted to a seriously injured person on the street, that officer is required to notify the dispatcher, and an ambulance or the fire department rescue unit is required to be dispatched.

32.

Though he knew a bicyclist was likely seriously injured on the street, Defendant Newsome did not comply with the clear mandates of the Department's Standard Operating Procedure by notifying the dispatcher or calling 911.

33.

Defendant Newsome did not call for the fire department rescue unit or for an ambulance to be dispatched.

34.

Per the Department's Standard Operating Procedures, Chief of Police has the ultimate responsibility of the police department for the preservation of life.

35.

Defendant Newsome made no attempts to obtain help for the hit-and-run Crime victim, but instead, continued to help Defendants Kelley and Dover.

36.

Defendant Newsome deviated from the Department protocol and ordered one of his officers, Sergeant Turner, to call him on his cell phone and told him about the Crime off the official police channels.

37.

Per Department's Standard Operating Procedures, the first and foremost important duty of the first officer responding to an accident scene is to search for the injured.  The police officers are required to provide aid to the injured and to summon medical assistance if necessary.

38.

Defendant Newsome stressed to Sgt. Turner of the likelihood that a bicyclist was hit by a vehicle, but Defendant Newsome deviated from the Defendant protocol and ordered Sgt. Turner to go meet with Defendants Kelley and Dover first instead of going to search for the victim.

39.

Defendant Newsome did not instruct Sgt. Turner to call 911 or notify the dispatcher.

40.

Upon information and belief, Defendant Newsome had no reason to deviate from the Department's protocols and the Standard Operating Procedures with regard to the Crime but for the fact that the request to help Defendant Dover came from Defendant Kelley.

41.

Defendant Newsome's professional judgment and decision was influenced by and/or otherwise corrupted by Defendant Kelley, and as a result, Defendant Newsome's investigation and the handling of the Crime deviated and differed from other investigations.

42.

As ordered, Sgt. Turner first met and conferred together with Defendants Kelley and Dover away from the Crime.  During this meeting, Sgt. Turner is told again a person could have been hit.

43.

Sgt. Turner then asks to see Dover's SUV and examined the extensive damage to the vehicle.  Sgt. Turner also observed the red paint on the front bumper

of the SUV on the impact area.

44.

After meeting with Dover and Kelley and examining the SUV, Sgt. Turner went to the Crime scene.  At the Crime scene, Sgt. Turner found Eric Keais' ball cap on the fog line of the Main Street and a bicycle pedal on the fog line just south of the ball cap.  Sgt. Turner also found the damaged red bicycle.

45.

A short distance south from the crumpled up red bicycle, Sgt. Turner saw a foot with white sock and soon discovered Eric Keais still alive on the side of the road.  Sgt. Turner confirmed Mr. Keais was still breathing and had a pulse.

46.

At 9:29 P.M., Sgt. Turner called for Fire Rescue and EMS, which arrived within two minutes from the dispatch at 9:31 P.M.

47.

Defendant Newsome also arrived at the Crime scene to supervise the investigation.

48.

The Police Department's Standard Operating Procedures require initial investigating officer to thoroughly investigate the crime and develop enough information leading to the arrest of the person responsible for the crime.

49.

Upon information and belief, Defendant Dover was not given a breathalyzer test, blood test or subjected to any field sobriety test in connection with the hit-and-run Crime.

50.

Upon information and belief, Defendant Dover was not taken into police custody for questioning or investigation in connection with the Crime.

51.

By the time Eric Keais was finally transported to a nearby hospital less than ten minutes away, it was too late, and he went into a traumatic cardiac arrest and died from his injuries at 10:15 P.M. on September 11, 2019.

52.

Eric Keais' death was ruled a vehicular homicide by the coroner.

53.

The Police Department's Standard Operating Procedures mandate physical arrests to be made where vehicular homicides or hit-and-run with injury or damage occurs.

54.

Upon information and belief, Defendant Dover was not arrested at the time of the incident on September 11, 2019 despite having confessed to fleeing the

scene of the accident to the Municipal Solicitor (Defendant Kelley) and to the

Cedartown Police Department.

## 55.

Despite having confessed to leaving his victim in a critical condition,

Defendant Dover was not arrested.

## 56.

Upon information and belief, Defendant Dover was never arrested or

charged any crime in connection with Eric Keais' death by the Cedartown Police

Department.

## 57.

The Cedartown Police Department categorized the entire hit-and-run Crime

and Keais' fatality as a misdemeanor.

## FIRST CLAIM FOR RELIEF:
## State Claim - Negligence/Wrongful Death
## (All Defendants)

## 58.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through

57 above as if they were fully restated verbatim herein.

## 59.

Defendant Dover owed certain civil duties to Eric Keais to exercise the

requisite care and caution and to adhere to the laws of the State of Georgia in the

operation of his vehicle.

60.

Defendant Dover did violate his duties and was negligent in the following

respects:

    a.  In failing to make reasonable and proper observations while driving;

    b.  In failing to exercise requisite due care while driving;

    c.  In failing to maintain reasonable control of his SUV;

    d.  In driving his SUV without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

    e.  In driving his SUV in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390;

    f.  In otherwise failing to use reasonable care to avoid the within described collision and the losses suffered by Eric Keais;

    g.  In failing to stop after causing the collision and leaving the scene in violation of O.C.G.A. § 40-6-270;

    h.  In failing to call 911 or ambulance to render aid to his victim; and

    i.  In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

61.

As a direct and proximate result of the breaches of duty by Defendant Dover, Eric Keais suffered serious, fatal injuries and endured pain and suffering, as well as sustaining other damages and expenses.

62.

Defendant Kelley owed certain civil duties to Eric Keais to not endanger the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person.  Kelley's disregard of the substantial and unjustifiable risk of his actions on Eric Keais constituted a gross deviation from the standard of care which a reasonable person would exercise in the situation in violation of O.C.G.A. § 16-5-60.

63.

Defendant Kelley, as the Cedartown Municipal Solicitor and with a clear conflict of interest, injected himself in the hit-and-run Crime committed by his friend and used his position and influence to obtain an improper personal favor from Defendant Newsome, who had control and authority over the investigation of the Crime and the offender, Defendant Dover.

64.

Defendant Kelley had an obligation to not to cause injury to Eric Keais.

O.C.G.A. §§ 51-1-6, 51-1-13.  Kelley knew, or reasonably should have known, that his voluntary involvement into a criminal matter, conduction his own investigation and handling it through informal channels would cause significant delay in getting critical medical help to the seriously injured victim, but he disregarded this unjustifiable risk of harm and injury to Eric Keais in favor of helping his personal friend Dover.

65.

Defendant Kelley's involvement and interference in the investigation of the Crime caused significant delay in Eric Keais receiving life-saving medical care.

66.

As a direct and proximate result of the breaches of duty by Defendant Kelley, Eric Keais suffered serious, life-threatening injuries and endured pain and suffering, as well as sustaining other damages and expenses.

67.

Defendant Newsome, who had complete control and authority over the September 11, 2019 hit-and-run Crime investigation, agreed to help Defendants Kelley and Dover.

68.

Upon information and belief, Defendant Newsome had no reason to deviate from the Department's protocols and the Standard Operating Procedures with

regard to the Crime but for the fact that the request to help Defendant Dover came from Defendant Kelley.

69.

Defendant Newsome's professional judgment and decision was influenced by and/or otherwise corrupted by Defendant Kelley, and as a result, Defendant Newsome's investigation and the handling of the Crime differed from other investigations.

70.

Defendant Newsome violated several of his Department's protocols and Standard Operating Procedures, to wit: not notifying the dispatcher of a likely victim with significant injury on the side of the road; not using the official police communication channels to give investigation orders; not giving proper investigation orders; not ordering an immediate search for the victim; not ensuring proper investigation of the confessed offender; and not making the mandated arrest of the offender that had committed felony(s) – all to the detriment of the injured victim, Eric Keais.

71.

Defendant Newsome owed certain civil duties to Eric Keais to not endanger the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of

the other person.  Newsome's disregard of the substantial and unjustifiable risk of his actions on Eric Keais constituted a gross deviation from the standard of care which a reasonable person would exercise in the situation in violation of O.C.G.A. § 16-5-60.

73.

74.

At all times relevant to this litigation, Defendant Kelley was an employee of the City of Cedartown and acting within the scope of his employment as the Municipal Solicitor.

75.

At all times relevant to this litigation, Defendant Newsome was an employee of the City of Cedartown and acting within the scope of his employment as the

Police Chief.

76.

Defendant City is vicariously liable for the negligent acts and omissions of its employees and agents, including Defendants Kelley and Newsome.

### SECOND CLAIM FOR RELIEF:
### State Claim - Negligent Infliction of Emotional Distress
### (Dover)

77.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 76 above as if they were fully restated verbatim herein.

78.

Defendant Dover recklessly operated his vehicle and struck Eric Keais while he was riding his bicycle.

79.

Defendant Dover caused serious, life-threatening injuries to Eric Keais, but Dover left his victim on the side of the road to suffer excruciating pain, agony, fright, shock, as well as terror at knowing his death was imminent.

80.

Defendant Dover caused Eric Keais substantial emotional distress prior to his death.

## THIRD CLAIM FOR RELIEF:
## State Claim - Intentional Infliction of Emotional Distress
## (Kelley, Newsome)

81.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 80 above as if they were fully restated verbatim herein.

82.

At the time of this Crime, Defendant Kelley was the appointed Municipal Solicitor entrusted to protect the integrity of the judicial system by fairly and equally applying the laws of this State and to represent the citizens of Cedartown. He was, and still is, an elected Georgia House of Representative and a practicing attorney.

83.

Defendant Kelley, who clearly had a conflict of interest as the prosecutor of crimes committed in the City of Cedartown, blatantly disregarded the duties and obligations to his office and his oath as an attorney to help his friend Dover cover-up a serious crime.

84.

Defendant Kelley knew, or should have reasonably known, that by voluntarily injecting himself into the Crime and undertaking to handle the Crime would be to the detriment of the victim, Eric Keais.

85.

Defendant Kelley knew, or should have reasonably known, that his actions in helping the offender, Dover, would create substantial risk of harm or injury to the victim, but he disregarded such unjustifiable risk in favor of procuring a favorable outcome for Defendant Dover and/or for himself.

86.

Defendant Kelley, as the prosecutor having a direct conflict and as a member of the bar that had taken an oath to uphold the law, intentionally or recklessly chose to act to obtain a lenient treatment for his friend Dover over a criminal offense at the price of Eric Keais' life.

87.

In order to obtain lenient treatment for Dover, Defendant Kelley unlawfully influenced or otherwise corrupted the professional judgment of a public official and law enforcement, to wit: Police Chief Newsome, and caused official police investigation to be negatively affected to the detriment of the victim, Eric Keais.

88.

Defendant Newsome, as the Police Chief with duty to equally and fairly enforce the law, intentionally or recklessly allowed his professional judgment and official police investigation to be influenced and corrupted by a high ranking

politician and Municipal Solicitor, to wit: Defendant Kelley, in a serious injury case.

89.

Defendant Newsome, having no other known reason for deviating from his Department protocols and Standard of Operating Procedures, did so only because of the request for a favor to assist Dover's Crime came from Defendant Kelley.

90.

In order to secure a future favor from Defendant Kelley and/or his good will, Defendant Newsome chose to help Defendant Dover with the Crime at the price of Eric Keais' life.

91.

Defendants Kelley and Newsome's actions were extreme and outrageous and go beyond all possible bounds of decency.

92.

Defendants Kelley and Newsome's actions caused Eric Keais extreme emotional distress and suffering, knowing his death was imminent.

### FOURTH CLAIM FOR RELIEF:
### Georgia Tort Claims Act
### (Kelley, Newsome, City)

93.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through

92 above as if they were fully restated verbatim herein.

94.

At all times relevant to this litigation, Defendants  Kelley and Newsome were acting within the scope and course of their employment with the City of Cedartown.

95.

At all times relevant to this litigation, Defendant Newsome was performing a ministerial function and not a discretionary function as defined by the Georgia Tort Claims Act, O.C.G.A. § 36-33-1.

96.

At all times relevant to this litigation, Defendant Kelley was performing a ministerial function and not a discretionary function as defined by the Georgia Tort Claims Act, O.C.G.A. § 36-33-1.

97.

Defendants Kelley and Newsome, while acting under the color of state law, violated Eric Keais' rights and privileges due to him and caused him injuries.

98.

Defendant Newsome is liable for failing to properly perform his ministerial duties as related to Eric Keais and the Crime.

99.

Defendant Kelley is liable for failing to properly perform his ministerial duties as related to Eric Keais and the Crime.

100.

Plaintiff gave timely notice of this claim pursuant to the provisions of the Georgia Tort Claims Act, O.C.G.A. § 36-33-5 and has complied with all conditions precedent to brining a claim under the Georgia Tort Claims Act.  (*See* Copy of Notice and Receipts attached hereto as Ex. 1.)

## FIFTH CLAIM FOR RELIEF:
### State Claim - Negligent Hiring/Training/Retention/Supervision (City)

101.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 100 above as if they were fully restated verbatim herein.

102.

Defendant City negligently hired, retained, and/or supervised Defendants Kelley and Newsome, whose acts and conduct directly and proximately caused Eric Keais' death and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of Georgia.

103.

Defendant City knew or should have known Defendant Newsome had

propensity and/or habit of disregarding and/or non-compliant with Police Department protocols and Standard of Operating Procedures but failed to properly review or investigate his performance before promoting him for the Police Chief position.

104.

Defendant City failed to properly train and supervise Defendant Newsome as related to his job duties; the process or procedure in place to evaluate and manage Newsome's job performance is inadequate.

105.

Upon information and belief, despite having failed to follow the Department protocols and Standard of Operating Procedures with regard to his investigation of the Crime, the City did not conduct any review or investigation into Newsome's handling of the Crime.

106.

Defendant City knew or should have known Defendant Kelley had propensity and/or habit of interfering with criminal incidents and/or improperly and/or unlawfully helping those he has personal relationships with but failed to properly review or investigate Kelley before appointing him to be the Municipal Solicitor.

107.

Defendant City failed to properly train and supervise Defendant Kelley as related to his job duties; the process or procedure in place to evaluate and manage Kelley's job performance is inadequate.

108.

Upon information and belief, despite having acted contrary to the duties of his office and with clear conflict of interest in helping a personal friend, Dover, with the handling of the Crime, the City did not conduct any review or investigation into Kelley's involvement in the Crime.

109.

Defendant City's negligent hiring, training, and/or supervision of its employees Kelley and Newsome caused or contributed Eric Keais' injuries, as well as violating of his civil rights.

## SIXTH CLAIM FOR RELIEF:
## 42 U.S.C. 1983 – Violation of Civil Rights
## (City)

110.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 109 above as if they were fully restated verbatim herein.

111.

Defendants City, Newsome and Kelley are each "persons" within the

meaning of 42 U.S.C. § 1983.

112.

Defendant Newsome, acting under the color and authority of state law, has intentionally, recklessly, and with deliberate indifference violated Eric Keais' rights, privileges, and immunities secured by the Fourteenth Amendment of the United States Constitution and its laws pursuant to 42 U.S.C. § 1983 in order to secure a personal favor with a high ranking politician and Municipal Solicitor, Defendant Kelley.

113.

Defendant Newsome, as the final authority on accident investigations, intentionally, recklessly, and with deliberate indifference violated Mr. Keais' Fourteenth Amendment right to equal protection of the laws by discriminatorily enforcing the law based on who the offending party was or is associated with; to wit: because Defendant Kelley requested help with his friend Defendant Dover. Newsome's actions deprived Eric Keais of the equal protection of the law, privileges and immunities afforded to other citizens and ultimately deprived him of his life.

114.

Defendant Kelley, acting under the color and authority of state law, has intentionally, recklessly, and with deliberate indifference violated Eric Keais'

rights, privileges, and immunities secured by the Fourteenth Amendment of the United States Constitution and its laws pursuant to 42 U.S.C. § 1983 in order to secure a personal favor for his friend, Defendant Dover.

115.

Defendant Kelley, with the authority and power to prosecute the crime with which his friend Defendant Dover could be charged, voluntarily injected himself into the investigation and handling of the Crime, thereby intentionally, recklessly, and with deliberate indifference violating Mr. Keais' Fourteenth Amendment right to equal protection of the laws.  Defendant Kelley's discriminatory enforcement of his prosecutorial powers and unlawful influence over the police investigation of the Crime caused serious harm and injury to Eric Keais and also deprived him of the privileges and immunities afforded to other citizens, as well as his life.

116.

Defendant City is liable for the decisions, customs or practices made by its policy-makers, to wit: Defendant Newsome and Defendant Kelley.

117.

As a result of Defendants Kelley and Newsome' actions in depriving Eric Keais of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourteenth Amendment to the Constitution of the United States of

America and in violation of 42 U.S.C. § 1983, Eric Keais has suffered damages as outlined herein.

## SEVENTH CLAIM FOR RELIEF:
## 42 U.S.C. 1985 – Conspiracy to Interfere With Civil Rights
## (Dover, Kelley, Newsome)

### 118.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 117 above as if they were fully restated verbatim herein.

### 119.

On September 11, 2019, Defendant Dover struck a bicyclist, Eric Keais, with his SUV and fled the scene, leaving his victim on the side of the road with serious, life-threatening injuries.

### 120.

Defendant Dover enlisted the help of his friend, Defendant Kelley, who was the City's Municipal Solicitor, Georgia House of Representative Majority Whip, and a practicing attorney.

### 121.

Defendant Dover knew he would be better protected with the state actor Defendant Kelley's help, who voluntarily undertook to help Dover manage the situation.

122.

Defendant Kelley, despite his clear conflict of interest, called the Police Chief, Defendant Newsome, at home on his personal cell phone to enlist Newsome's help with the Crime and Dover's investigation.

123.

Defendant Newsome, also a state actor, in hopes of securing a favor and/or good will with Defendant Kelley, manipulated the hit-and-run Crime investigation to benefit Defendant Dover as requested by Kelley.  For this personal gain, Eric Keais was denied equal protection of the law by having the critical, life-saving medical treatment that should have been provided delayed or otherwise withheld.

124.

Defendant Newsome violated Keais' rights and privileges by discriminatorily enforcing the law and selectively applying the police policies and procedures for the sole purpose of securing improper personal gain.

125.

Defendants Dover, Kelley and Newsome's conspiracy to cover-up the seriousness of the Crime and the actions taken in furtherance of that conspiracy directly and proximately caused Keais' death.

126.

At all times relevant to this litigation, Defendants Kelley and Newsome were

employees of City of Cedartown and acting within the scope of their employments with the City.

127.

Defendant Dover conspired with state actors Defendants Kelley and Newsome caused Kelley and Newsome to violate Keais' privileges and immunities afforded to him by ensuring the police investigation of his Crime would work to his personal benefit at the sacrifice of Keais' life. His actions renders him a "state actor" as defined by statute.

128.

Actions taken by Dover to enlist Kelley, agreement and actions by Kelley to unlawfully influence the police investigation, and Newsome's agreement and actions that denied Keais equal protection of the law in favor of helping Kelley and Dover cover-up the Crime, led to Keais' deprivation of life.

129.

As a result of Defendants' actions in violation of 42 U.S.C. §§ 1983 and 1985, Eric Keais has suffered damages as outlined herein.

**EIGHT CLAIM FOR RELIEF:**
**42 U.S.C. 1988 – DAMAGES**
**(All Defendants)**

130.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through

129 above as if they were fully restated verbatim herein.

131.

Defendants Dover, Kelley and Newsome' malicious and willful conduct not only violated Eric Keais' federally protected civil rights, but the Defendants also caused him extreme physical, mental and emotional injuries that ultimately led to his death.

132.

Plaintiff as Administrator of the Estate of Eric Keais, is entitled to recover from the Defendants all damages suffered by and related to his son.

## NINTH CLAIM FOR RELIEF:
### PUNITIVE DAMAGES
### (All Defendants)

133.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 132 above as if they were fully restated verbatim herein.

134.

Defendants Dover, Kelley and Newsome, individually and acting in concert, have acted with a willful, wanton, and reckless disregard of Eric Keais' civil rights.

135.

As a result of Defendants Dover, Kelley and Newsome's malicious, reckless and intentional conduct, Plaintiff is entitled to a punitive damages award against

the Defendants in their individual capacity.

### TENTH CLAIM FOR RELIEF:
### ATTORNEY'S FEES
### (All Defendants)

136.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 135 above as if they were fully restated verbatim herein.

137.

Pursuant to 42 U.S.C. § 1988 and state law, Plaintiff is entitled to an award of reasonable attorney's fees and costs of litigation.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all claims raised herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

a.  That the Court grant a trial by jury and enter judgment in favor of Plaintiff and against Defendants on all claims in this Complaint;

b.  That Plaintiff recover for the loss of Eric Keais' life, the deprivation of his civil and constitutional rights, and for all other injuries and sufferings in an amount to be proven at trial;

c.  That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

d.  That Plaintiff recover reasonable attorney's fees and costs of litigation

as allowed under 42 U.S.C. § 1988 and state law; and

e.  That Plaintiff have such other and further relief as the Court may

deem just and proper.

This 27th day of October, 2021.

INFINITY TRIAL GROUP, P.C.

Min J. Koo
Georgia Bar No. 140984
*Attorney for Plaintiff*

One Atlantic Center
1201 W. Peachtree St., Suite 2300
Atlanta, Georgia 30309
T:  (404) 795-5011 / F: (404) 393-9267
E: Min@InfinityTrial.com

## <u>CERTIFICATE OF SERVICE AND COMPLIANCE</u>

This is to certify that I have this date served a copy of the foregoing

PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO

DEFENDANTS' MOTIONS TO DISMISS by using the Court's CM/ECF filing

system which automatically serves all counsel of record.  The undersigned further

certifies that the foregoing document has been prepared in accordance with the

requirements of Local Rule 5.1(B) of the Northern District of Georgia.

This 27th day of October 2021.

INFINITY TRIAL GROUP, P.C.

Min J. Koo
Georgia Bar No. 140984
*Attorney for Plaintiff*

One Atlantic Center
1201 W. Peachtree St., Suite 2300
Atlanta, Georgia 30309
T:  (404) 795-5011 / F: (404) 393-9267
E: Min@InfinityTrial.com

EXHIBIT 1

March 4, 2018

***Via Certified Mail with Return Receipt Requested***

Mr. Matt Foster
Chairman, City of Cedartown
201 East Avenue
Cedartown, Georgia  30125

Ms. Dale Tuck
Chairman Pro-Tem, City of Cedartown
201 East Avenue
Cedartown, Georgia  30125

Mr. Bill Fann
City Manager, City of Cedartown
201 East Avenue
Cedartown, Georgia  30125

Mr. Jamie Newsome
Cedartown Chief of Police
118 Philpot Street
Cedartown, Georgia  30125

Mr. Carey Pilgrim
City Attorney for the City of Cedartown
McRae Smith Peek Harman & Monroe, LLP
223 South College Street
Cedartown, Georgia  30125-0418

Mr. J. Anderson Davis
Attorney for the City of Cedartown
Brinson Askew Berry Seigler Richardson & Davis, LLP
615 West 1st Street
Rome, Georgia 30161

Re:   Notice of All Claims on Behalf of Wrongful Death Claimant and
Beneficiaries of the Estate of Eric Keais of Claims against the City of
Cedartown and the Cedartown Police Department Pursuant to O.C.G.A.
§ 36-33-5 and other Authorities

Dear Sirs and Madam:

Please be advised that my firm represents the family and all beneficiaries of the Estate of Eric Keais in connection with their claims for personal injuries and the wrongful death suffered by Eric Keais on September 11, 2019.  Our clients who are presenting claims include Manfred Keais and Aaron Keais.

The purpose of this letter is to provide ante litem notice to the City of Cedartown and the Cedartown Police Department (hereinafter collectively the "City") pursuant to O.C.G.A. § 36-33-5 and other authorities.  As counsel for Eric Keais's family and the beneficiaries of Mr. Keais's estate, we are presenting all of their claims for, *inter alia*, physical injuries, pain and suffering, wrongful death, and all other claims that may be brought on behalf of Mr.

Ante Litem Notice
March 4, 2018
Page 2 of 3

Keais's family and his estate, all of which proximately resulted from the City's negligence. This also constitutes notice of all claims for attorneys' fees and expenses of litigation, punitive damages, and any general and special damages, both past and future, allowed under Georgia and federal law.

On the evening of September 11, 2019 at approximately 8:25 p.m., Eric Keais was riding his red bicycle in the southbound direction on Georgia 1 near Frances Drive in Cedartown, Polk County, Georgia when he was struck by a 2005 Hyundai Santa Fe SUV driven by Ralph "Ryan" William Dover, III traveling in the same southbound direction. Mr. Dover failed to stop after he struck Mr. Keais and left the scene of the incident. Shortly thereafter, Mr. Dover called Georgia House Representative Majority Whip Trey Kelley, who in turn met with Mr. Dover to confer about the incident.

Based on his conversation with Mr. Dover, the extensive damage to Mr. Dover's SUV, the severely damaged red bicycle found at the scene of the incident, Mr. Kelley discerned that Mr. Dover may have struck a bicyclist. Mr. Kelley called the Cedartown Police Chief Jamie Newsome and relayed the hit-and-run incident Mr. Dover caused, specifically informing the Chief that Mr. Dover may have struck a person and left the scene. Instead of calling 911 to dispatch an ambulance or other emergency response unit, Chief Newsome called one of his police officers with a request to call him back on his personal line. Chief Newsome ordered the responding officer to drive to the location where Messrs. Dover and Kelley were waiting, rather than directing him to call 911 or to go to the scene of the collision directly to look for the injured victim. (See enclosed Cedartown PD Incident Report #19-9538 regarding the details of the incident.)

The City had a duty to take appropriate and timely measures to respond to emergencies such as the September 11, 2019 hit-and-run incident and to prevent further injuries to victims like Eric Keais. As a result of the City's negligence, Mr. Keais was denied life-saving medical treatment in the critical window of time. Instead, he laid in a ditch covered in thorny shrubs and brushes for well over an hour after the collision before he was found and 911 was finally called. As a result of the City's actions, Mr. Keais died on September 11, 2019 from his injuries. (See also enclosed GSP Case #03-0309-19 for additional information about the incident.)

Mr. Keais was 38 years old, was not married and had no children at the time of his death. Mr. Keais was survived by his father, Manfred Keais, and his brother, Aaron Keais. Our clients are entitled to damages arising out of the injuries and death suffered by Eric Keais as his next of kin and as beneficiaries of the Estate of Eric Keais pursuant to O.C.G.A. §§ 51-4-1; 51-4-2; 51-4-3; 51-4-4; and 51-4-5. These damages include the full value of the life of Eric Keais, personal injuries, medical bills, pain and suffering of Eric Keais, future lost income, and punitive damages.

Ante Litem Notice
March 4, 2018
Page 3 of 3
_____

     To the extent not previously outlined, the family and all beneficiaries of the Estate of Eric Keais herein asserts claims for any and all personal injuries and damages of any sort flowing from the injuries suffered by Eric Keais as provided by Georgia law.  You are hereby requested to provide appropriate notice to the City's agents, employees, lessees, assigns, affiliates, successors, and appropriate insurance carriers with sufficient information to allow an investigation of these claims, and to adjust and settle these claims if they so desire.

     At this time, I am authorized to make a settlement demand of $10,000,000.00 against the City on behalf of Mr. Keais's family as wrongful death claimants and as beneficiaries of the Estate of Eric Keais for all claims that may be brought against the City for wrongful death damages and damages of the Estate of Eric Keais.  If you need any additional information to assist you with the evaluation of this claim, please let me know.

     Service of this Notice is being made upon Mr. Matt Foster, Ms. Dale Tuck, Mr. Bill Fann, Mr. Jamie Newsome, Mr. Carey Pilgrim, and Mr. J. Anderson Davis as the appropriate representatives of the City to receive such Notice of Claim.  If you contend there is any other person who should be notified for the claims set forth herein, or that this letter does not provide sufficient notice pursuant to O.C.G.A. § 36-33-5, please contact me immediately and we will correct any deficiencies.  Otherwise, you will be deemed estopped from contending otherwise.

     I look forward to hearing from you regarding this matter.  Thank you for your consideration.

Sincerely,

Min J. Koo

MJK/nb
Enclosures

**CEDARTOWN PD INCIDENT REPORT**
Public copy

| GA | GA1150100 | | Case # | 19-9538 |
|---|---|---|---|---|

**EVENT**

INCIDENT TYPE: 40-6-393(C) - HOMICIDE BY VEHICLE IN 2ND DEGREE - MISDEMEANOR
COUNTS: 1  INCIDENT CODE: 0999
PREMISE TYPE: 1 HIGHWAY

INCIDENT LOCATION: N MAIN STREET @ COMMUNITY SHARE, CEDARTOWN, GA 30125
LOCATION NAME:
LOC CODE: ZONE 1
WEAPON TYPE: 4 OTHER

INCIDENT DATE: 09/11/2019  INCIDENT TIME: 21:29  TO  DATE: 09/12/2019  TIME: 02:21
STRANGER TO STRANGER: YES ☐ NO ☐ UNK ☒

COMPLAINANT: KELLEY, TREY
ADDRESS: CEDARTOWN, GA 30125
PHONE NUMBER: 770-748-5643

**VICTIM**

VICTIMS NAME: KEAIS, ERIC CHRISTOPHER
RACE: W  SEX: M  AGE: 38  DOB: ▅▅
RESIDENCE PHONE:  BUSINESS PHONE:

ADDRESS: 227 MLK JR BLVD, CEDARTOWN, GA 30125
CENSUS TRACT:
EMPLOYER OR OCCUPATION:

STUDENT ? YES ☐ NO ☒  IF YES, NAME VICTIM'S SCHOOL:

**OFFENDER**

NAME:  RACE:  SEX:  DATE OF BIRTH:  AGE:

WANTED ☐
ADDRESS:  CENSUS TRACT:  HEIGHT:  WEIGHT:  HAIR:  EYES:

WARRANT ☐
CHARGES:
COUNTS:  OFFENSE CODE:  OFFENSE / ARREST:  JURISDICTION:
CI = CITY
CO = COUNTY
ST = STATE
OU = OUT OF STATE
UN = UNKNOWN

ARREST ☐

TOTAL NUMBER ARRESTED: 0
ARREST AT OR NEAR OFFENSE SCENE: YES ☐ NO ☐ UNK ☐
DATE OF OFFENSE:

**VEHICLE**

STOLEN ☐  TAG NUMBER: RFI2565  STATE: GA  YEAR: 2020  V.I.N.: KM8SC13EX5U942873  PLATE ONLY ☐  VIN PLATE ONLY ☐
RECOVD ☐
SUSPECTS ☒  YEAR: 2005  MAKE: HYUNDAI  MODEL: SANTA FE  STYLE: SUV  COLOR: WHITE
IMPOUND ☐  MOTOR SIZE (CID):  TRANS.: AUTO ☐ MAN. ☐ SPD ☐  INSURED BY:

**WITNESS**

NAMES:  ADDRESS:  PHONE NUMBER:

**PROPERTY**

| | VEHICLES | CURRENCY, NOTES, ETC. | JEWELRY, PREC. METALS | FURS | PROPERTY RECOVERY INFO ONLY THEFT/RECOVERY | JURIS. CODES 1 = CITY |
|---|---|---|---|---|---|---|
| STOLEN | | | | | | 2 = COUNTY |
| RECOVERED | | | | | | 3 = STATE |
| | CLOTHING | OFFICE EQUIP. | TV, RADIO, ETC. | HOUSEHOLD GOODS | DATE OF THEFT | 4 = OUT OF STATE |
| STOLEN | | | | | | 5 = UNKNOWN |
| RECOVERED | | | | | | |
| | FIREARMS | CONSUMABLE GOODS | LIVESTOCK | OTHER | TOTAL | |
| STOLEN | | | | | | |
| RECOVERED | | | | | | |

**ADM**

GCIC ENTRY: WARRANT ☐  MISSING PERSONS ☐  VEHICLE ☐  ARTICLE ☐  BOAT ☐  GUN ☐  SECURITIES ☐
VICTIM WILL PROSECUTE ☐  UNIF. FOLLOW UP ☐  PHOTO TAKEN? ☐  VIDEO/AUDIO ☐  CID NOTIFIED? ☐  FORWARDED TO CID ☐

**CLEAR**

REQUIRED DATA FIELDS FOR CLEARANCE REPORT: CLEARED BY ARREST ☐  EXCEPTIONALLY CLEARED ☐  UNFOUNDED ☐
REPORT DATE: 09/11/2019
DATE OF CLEARANCE:  ADULT ☐  JUVENILE ☐  CASE ☒ ACTIVE  INACTIVE ☐

**DRUG**

DID INVESTIGATION INDICATE THAT THIS INCIDENT WAS DRUG RELATED? IF YES, INDICATE THE TYPE OF DRUG(S) USED BY OFFENDER
YES ☐ NO ☒
1-AMPHETAMINE ☐  2-BARBITURATE ☐  3-COCAINE ☐  4-HALLUCINOGEN ☐  5-HEROIN ☐
6-MARIJUANA ☐  7-METHAMPHETAMINE ☐  8-OPIUM ☐  9-SYNTHETIC NARCOTIC ☐  U-UNKNOWN ☐

Synergistic Software Inc., Copyright 2009.

NARRATIVE

On Wednesday September 11, 2019 I Sgt. Josh Turner was notified via phone by Chief Newsome of a possible accident on North Main Street. Upon my arrival I met with Trey Kelley at Dollar General Market in which he advised me that he was called by Ralph Dover due to Dover hitting something with his vehicle on North Main Street.

Dover who was operating a 2005 Hyundai Santa Fe SUV stated to me that he had left the fair and was headed into town when he hit something with his vehicle. At first he didn`t know what he hit and then said it could have been a deer or possibly a person. Dover then states that he then drove to a safe place to pull over and called Kelley. I then asked to see the vehicle. His SUV had extensive damage to the front passengeside area. The passenger side head light, hood and fender area was caved in along with the passenger side windshield was shattered and caved in. I also observed red paint on the front bumper of the impact area.

Kelley stated that Dover called him to meet with him at the Conoco gas station beside Zorba`s and upon his arrival Dover took him to the area of the incident. Kelley states that while in the area he observed a bicycle on the side of the road and immediately called Chief Newsome in return Newsome calls me.

I then go to the area Dover tells me about. While searching the roadway I observe a ball cap on the fog line of the south bound lane on Main Street. I then observe a pedal to a bicycle laying on the fog line just south of the hat. I continue for about another 20 or 30 feet and locate a red mountain bike style bicycle in the edge of the woods with damage to the rear wheel. I then exit my patrol car and begin searching the road side. Approximately 20 feet or so south of the bicycle I see something white in color. As I approach I see that it is a foot and a white sock. I see this down an embankment that is covered in thick brush that has been cut and as I wade through the brush I observe the body of a white male laying in the ditch on his back. As I made my way to him I could see that his breathing was faint. I then checked for a pulse which was weak. While checking the male I could smell a strong odor of alcoholic beverage coming from his person.

At this time I called for Fire Rescue and EMS. I then begin to remove the brush debris from around the subject to gain access to him. By this time Fire Rescue arrived and due to the condition of the male they immediately pulled him from the debris and place him on a back board. The male was wearing a black back pack. Fire Rescue then cut the shoulder straps to remove the pack as he was being placed into the ambulance that just arrived. I then checked the male for any form of identification. I located a wallet that was in his left rear pocket of his pants. I located a Georgia I.D. that identifies the male as Eric Keais with an address of 227 MLK Jr. Blvd. Cedartown GA. At this time I notify Polk 911 to dispatch Georgia State Patrol to the scene to work the accident due to the severity of the injuries. At this time Redmond EMS transports Keais to Polk Medical Center.

I then send an officer to this address to attempt to make contact with a relative. The officer was unable to make contact with anyone at this address. The Coroner who was called by Polk Medical Center sent me an address of 402 Summer Creek Drive Dallas Georgia. I then have Paulding County 911 dispatch an officer to this address in an attempt to locate a relative. This address is the address of Eric Keais` father Manford Keais. At approximately 02:30 am on Thursday September 12, 2019, Manford Keais was notified of the death of his son Eric Keais.

On 09/11/2019 at 23:10 GSP arrived on scene and the accident scene was turned over to them.
Nothing Further at this time.

| REPORTING OFFICER | NUMBER | APPROVING OFFICER | NUMBER | ASSIGNED INVESTIGATOR | NUMBER |
|---|---|---|---|---|---|
| TURNER, JOSHUA | 219 | NORRIS, JULIAN | 234 | | |

**Officer Supplementals -- Case No. 19-9538**

Synergistic Software Inc., Copyright 2009

## Officer Supplementals -- Case No. 19-9538

**Officer Name / Badge:**  NEWSOME, JAMIE / 200

**Entry Date / Time:**  09/23/2019  12:39

At 2111 hours on September 11th 2019, I recieved a telepone call from Trey Kelley on my cell phone.  I was off duty and at home.  He indictaed that he needed my help.  I walked outside to not disturb my wife with the call and asked what I could do for him.  He asked if I knew Mr. Dover.  I stated that if I saw him I might know him but the name wasn't ringing a bell.  Kelley stated that he had been with Dover at the County Fair but Kelley had gone home.  He stated that he got a call from Dover indicating that he had hit something with his car but didn't know what.  Kelley stated that Dover said it might've been a deer but he wasn't sure.  Kelley had Dover wait in him at the convenience store beside Zorba's.  Kelley stated that he then met Dover and they'd gone to try to find what he might've hit. Kelley said that they rode up and down the area of North Main around the Dollar General Market area and that he'd seen a bicycle in the ditch.  I stopped him and said something akin to "what, he might've hit a person?".  Up until this point my assumption was that I was going to be asked how to obtain an SR-13 form.  I told Kelley to wait with Dover where they were, which was Dollar General Market parking lot, and I would send an officer.  The call between Kelley and I lasted 3 minutes. I immediately got off the phone, went into my house, turned on my walkie talkie, and told Sgt Joshua Turner to call me.  He called me at 21:15 hours.  I told him what I was told, stressed to him my fear that a person had been hit, and told him to get to Kelley to find out where the bike was allegedly found.  I then finished getting dressed and proceeded to the scene.  By the time I was 3-5 minutes departed from my home, Sgt. Turner had found Kelley and Dover, been directed to the area where the bike was, found the victim, and had EMS and rescue in route.  This I determined from radio traffic between Sgt. Turner and Polk 911.  When I arrived on the scene, the victim was already being attended to by EMS and rescue.

Synergistic Software Inc., Copyright 2009

Page 1 of 2

**GEORGIA MOTOR VEHICLE CRASH REPORT**

| Agency Case Number | Agency NCIC Number | | County |
|---|---|---|---|
| 03-0309-19 | GA GSP 0000 | | Polk |

| Estimated Crash | | Dispatch | | Arrival | | Vehicles | Total Number of Injuries | Fatalities | Inside City Of |
|---|---|---|---|---|---|---|---|---|---|
| Date | Time | Date | Time | Date | Time | | | | |
| 9-11-19 | 2025 | 9-11-19 | 2151 | 9-11-19 | 2301 | 2 | 0 | 1 | Cedar town |

Road of Occurrence: GA1
At Its Intersection With ____
Not At Its Intersection But: 1000  ☐ Miles ☐ Feet  ☐ North ☐ South  ☐ East ☐ West  Or  Frances Dr

Latitude (Y) (Format): 00.00000
Longitude (X) (Format): -00.00000

| Unit # | Driver | LAST NAME | FIRST | MIDDLE |
|---|---|---|---|---|
| 1 | ☑ Driver ☐ Ped ☐ Bike | Dover III | Ralph | William |

☐ Susp At Fault  Address: 76 Ayers Rd
City: Aragon  State: GA  Zip: 30104  DOB: 1982
Drivers License No.: 052726693  Class: C  State: GA  Country: USA
Insurance Co.: Safeway  Policy No.: 2524957-GA-PP-006  Telephone No.:
Year: 2005  Make: Hyundai  Model: Santa Fe  Vehicle Color: WHI
VIN: KM8SC13EX5U942873
Tag #: RFI 2565  State: GA  County: Polk  Year: 2019
Trailer Tag #:  State:  County:  Year:

| Unit # | Driver | LAST NAME | FIRST | MIDDLE |
|---|---|---|---|---|
| 2 | ☐ Driver ☐ Ped ☐ Bike | Kealis | Eric | Christopher |

☐ Susp At Fault  Address: 227 MLK Blvd
City: Cedartown  State: GA  Zip: 30125  DOB: 1990
Drivers License No.: 047898484  Class: ID  State: GA  Country: USA
Insurance Co.: None  Policy ID: None  Telephone No.:
Year: UNK  Make: Roadmaster  Model: 15 Speed  Vehicle Color: RED
VIN: None
Tag #: None  State: None  County: None  Year: None
Trailer Tag #:  State:  County:  Year:

☐ Same As Driver  Owner's Last Name  First  Middle
☐ Same As Driver  Owner's Last Name  First  Middle
Address:
City:  State:  Zip:

Removed By: McEntire  ☐ Request ☐ List
Removed By: McEntire  ☐ Request ☐ List

| | Unit 1 | | | Unit 2 | | |
|---|---|---|---|---|---|---|
| Alco Test: | 2 | Type: | Results: | Alco Test: | Type: | Results: Pending |
| Drug Test: 2 | Type: | Results: | Drug Test: | Type: | Results: Pending |
| First Harmful Event: 7 | Most Harmful Event: 7 | Operator/Ped Cond: | First Harmful Event: 1 | Most Harmful Event: 11 | Operator/Ped Cond: 2 |
| Operator Contributing Factors: 3 | | | Operator Contributing Factors: 1 | | |
| Vehicle Contributing Factors: 1 | Roadway Contributing Factors: 1 | | Vehicle Contributing Factors: 1 | Roadway Contributing Factors: 1 | |
| Direction of Travel: 2 | Vehicle Maneuver: 5 | Non-Motor Maneuver: | Direction of Travel: 2 | Vehicle Maneuver: 5 | Non-Motor Maneuver: 3 |
| Vehicle Class: | Vehicle Type: 11 | Vision Obscured: | Vehicle Class: | Vehicle Type: 19 | Vision Obscured: 1 |
| Number of Occupants: 1 | Area of Initial Contact: 12 | Damage to Veh: 3 | Number of Occupants: 1 | Area of Initial Contact: 6 | Damage to Veh: 4 |
| Traffic-Way Flow: 2 | Road Comp: 2 | Road Character: 2 | Traffic-Way Flow: 2 | Road Comp: 2 | Road Character: 2 |
| Number of Lanes: 2 | Posted Speed: 45 | Work Zone: 0 | Number of Lanes: 2 | Posted Speed: 45 | Work Zone: 0 |
| Traffic Control: 1 | | Device Inoperative: ☐ Yes ☐ No | Traffic Control: 1 | | Device Inoperative: ☐ Yes ☐ No |

Citation Information: Pending Per SCRT A
Citation # ____ O.C.G.A. § ____
Citation # ____ O.C.G.A. § ____
Citation # ____ O.C.G.A. § ____

Citation Information: None
Citation # ____ O.C.G.A. § ____
Citation # ____ O.C.G.A. § ____
Citation # ____ O.C.G.A. § ____

**COMMERCIAL MOTOR VEHICLES ONLY**

☐ Ran Off Road ☐ Down Hill Runaway ☐ Cargo Loss or Shift ☐ Separation of Units
☐ Ran Off Road ☐ Down Hill Runaway ☐ Cargo Loss or Shift ☐ Separation of Units

DOT-523 (07/17)

Page 2 of 2

## COLLISION FIELDS

| Manner of Collision: 3 | Location at Area of Impact: 1 | Weather: | Surface Condition: 1 | Light Condition: 5 |
|---|---|---|---|---|

## NARRATIVE

Vehicle 1 was traveling southbound on GA1. Vehicle 2, a bicycle, was traveling southbound on GA1. The front of vehicle 1 struck the rear of vehicle 2 in the roadway. The driver of vehicle 1 left the scene, but returned. Vehicle 2 came to a final rest off the roadway in a ditch. SCRT/A is handling the investigation. This initial investigation was recorded on DVR.

## DIAGRAM



INDICATE NORTH

Not to Scale

V2 Final Rest

GA1

V1 Leaving Scene

## PROPERTY DAMAGE INFORMATION

| Damage Other Than Vehicle: | Owner: |
|---|---|

## WITNESS INFORMATION

| Name (Last, First) | Address | City | State | Zip Code | Telephone Number |
|---|---|---|---|---|---|

## OCCUPANT INFORMATION

| | Name (Last, First): | Sex: | Unit #: | Position: | Safety Eq: | Address: | Ejected: | Extricated: | Air Bag: | Injury: | Taken for Treatment: |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Age: 37 | M | 1 | 1 | 3 | | 1 | 2 | 2 | O | 2 |
| 2 | Keais, Eric — Age: 38 | M | 2 | 1 | 5 | 227 MLK BLVD  Cedartown, GA | 2 | O | | |
| | Polk Medical & Redmond EMS | | | | | | 133 | | 718 | | |
| 3 | Age: | Sex: | Unit #: | Position: | Safety Eq: | Address: | Ejected: | Extricated: | Air Bag: | Injury: | Taken for Treatment: |
| 4 | Age: | Sex: | Unit #: | Position: | Safety Eq: | Address: | Ejected: | Extricated: | Air Bag: | Injury: | Taken for Treatment: |

## ADMINISTRATIVE

| Photos Taken: ☑ Yes  ☐ No  By: TFC R. Curtis / SCRTA | |
|---|---|
| Report By: R. Holman | Agency: GSP | Report Date: 9-11-19 | Checked By: | Date Checked: 9/15/19 |

GDOT-523 (07/17)  MAIL TO: Georgia Department of Transportation, CRASH REPORTING UNIT, 935 East Confederate Ave., Atlanta, GA 30316-2590

September 4, 2020

<u>**Via Certified Mail with**</u>
<u>**Return Receipt Requested**</u>
Department of Administrative Services
Risk Management Services
200 Piedmont Avenue S.E.
Suite 1220, West Tower
Atlanta, GA 30334

<u>**Via Certified Mail with**</u>
<u>**Return Receipt Requested and**</u>
<u>**Via First Class Mail**</u>
Mr. David Ralston
Speaker of the House
c/o Keith Williams, General Counsel
Georgia House of Representatives
332 State Capitol
Atlanta, GA  30334

Re:   Notice of All Claims on Behalf of Wrongful Death Claimant and
Beneficiaries of the Estate of Eric Keais of Claims Against the Georgia
House of Representatives Pursuant to O.C.G.A. § 50-21-1 et seq. and
Other Authorities

Dear Sirs and Madam:

Please be advised that my firm represents the family and all beneficiaries of the Estate of Eric Keais in connection with their claims for personal injuries and the wrongful death suffered by Eric Keais on September 11, 2019.

The purpose of this letter is to provide ante litem notice to the State of Georgia and Georgia House of Representatives (hereinafter collectively the "State") pursuant to O.C.G.A. § 50-21-1 et seq. and other authorities.  As more fully explained below, Georgia House Representative Majority Whip Othel Doyle "Trey" Kelley, III negligently and unlawfully caused and/or conspired to cause the wrongful death of Eric Keais on September 11, 2019 in Cedartown, Polk County, Georgia.

As counsel for Eric's family and the beneficiaries of his estate, we are presenting all of their claims for, *inter alia*, physical injuries, pain and suffering, wrongful death, and all other claims that may be brought on behalf of Eric's family and his estate, all of which proximately resulted from the State's negligence.  This also constitutes notice of all claims for attorneys' fees and expenses of litigation, punitive damages, and any general and special damages, both past and future, allowed under Georgia and federal law.

On the evening of September 11, 2019 at approximately 8:00 p.m., Eric Keais was riding his red bicycle in the southbound direction on Georgia 1 near Frances Drive in Cedartown, Polk County, Georgia when he was struck by a 2005 Hyundai Santa Fe SUV driven by Ralph "Ryan" William Dover, III traveling in the same southbound direction.  Mr. Dover did not stop after he struck Eric and left the scene of the collision.  Mr. Dover then called Georgia House Representative Majority Whip Othel Doyle "Trey" Kelley, III, at home and requested his help with the collision.

Ante Litem Notice
September 4, 2020
Page 2 of 3
_____

Though Rep. Kelley claimed he did not know that a person had been struck when Mr. Dover called him after the incident, the subsequent events of that night and his actions thereafter indicate otherwise.  Rep. Kelley did not report the incident at that time or instruct Mr. Dover to call 911.  Instead, he immediately left his home after his call with Mr. Dover and met him at a gas station.  Rep. Kelley saw the extensive damage to Mr. Dover's SUV caused by striking Eric and his bicycle – the passenger side headlight was broken, the hood and the fender was caved in, the passenger side windshield was shattered and caved in, and the SUV was steaked with red paint from Eric's bicycle.  Yet, instead of calling 911, Rep. Kelley went to the scene of the collision where he found Eric's crumpled up red bicycle on the side of the road.  Even though it was highly likely that Mr. Dover struck a bicyclist, Rep. Kelley still did not call 911 to report the incident.  Instead, Rep. Kelley called one of his law partners at his law firm.  After the phone call with his law partner, this Georgia House Representative called the Cedartown Police Chief Jamie Newsome on his cell phone at home and requested his "help" with this collision.  Rep. Kelley's phone call to Chief Newsome occurred at approximately 9:11 p.m. – almost an hour after he was first notified of the incident by Mr. Dover.

In his phone call to Chief Newsome, Rep. Kelley relayed the hit-and-run incident Mr. Dover caused, specifically informing Chief Newsome that Mr. Dover may have struck a person and confirmed finding the crumpled up red bicycle at the collision site.  Rep. Kelley used his office and political position to influence or otherwise conspire with Chief Newsome to cause harm to Eric.  In response to Rep. Kelley's request for "help," Chief Newsome also did not call 911 despite being informed a person may have been struck.  After his conversation with Chief Newsome, Rep. Kelley waited at another location away from the collision site and waited for the "help" he requested.  Meanwhile, Chief Newsome requested Officer Josh Turner to call him at home on his cell phone.  Chief Newsome ordered Officer Turner to drive first to the location where Mr. Dover and Rep. Kelley were waiting, rather than directing him to call 911 and/or to go to the scene of the collision to look for the injured victim.  (See enclosed Cedartown PD Incident Report #19-9538 regarding this incident.)

Officer Turner met with Rep. Kelley and Mr. Dover and conferred with Rep. Kelley first before visiting the scene of the collision.  Soon after arriving at the collision site, Officer Turner found Eric alive and lying in a ditch.  Eric had a pulse and was breathing when Officer Turner found him.  Finally, at 9:28 p.m., Officer Turner called 911 in an attempt to save Eric.  Upon 911 dispatching an emergency medical services unit at 9:29 p.m., an EMS unit arrived at the collision scene in less than two (2) minutes.  However, because Rep. Kelley's actions delayed life-saving medical treatment for Eric for well over an hour, the critical window to save Eric's life had closed.  Eric died from his injuries shortly after being transported to a nearby hospital only a few minutes away.

Rep. Kelley used his position as a high-ranking political official and the weight of his office to unlawfully influence a police investigation and/or conspire to cause harm to Eric.

Ante Litem Notice
September 4, 2020
Page 3 of 3
_____

Eric's death was proximately caused by Rep. Kelley's actions on September 11, 2019.  Eric was only 38 years old and had his whole life in front of him when it was taken away from him that night.

Eric was survived by his father, Manfred Keais, and his brother, Aaron Keais.  Our clients are entitled to damages arising out of the injuries and death suffered by Eric as his next of kin and as beneficiaries of the Estate of Eric Keais pursuant to O.C.G.A. §§ 51-4-1; 51-4-2; 51-4-3; 51-4-4; and 51-4-5.  These damages include the full value of the life of Eric Keais, personal injuries, medical bills, pain and suffering of Eric Keais, future lost income, and punitive damages.

To the extent not previously outlined, the family and all beneficiaries of the Estate of Eric Keais herein asserts claims for any and all personal injuries and damages of any sort flowing from the injuries suffered by Eric Keais as provided by Georgia and federal law.  You are hereby requested to provide appropriate notice to the State's agents, employees, lessees, assigns, affiliates, successors, and appropriate insurance carriers with sufficient information to allow an investigation of these claims, and to adjust and settle these claims if they so desire.

At this time, I am authorized to make a settlement demand of $10,000,000.00 against the State on behalf of Eric's family as wrongful death claimants and as beneficiaries of the Estate of Eric Keais for all claims that may be brought against the State for wrongful death damages and damages of the Estate of Eric Keais.  If you need any additional information to assist you with the evaluation of this claim, please let me know.

Service of this Notice is being made upon the Risk Management Division of the Department of Administrative Services and the Speaker of the House on behalf of the House of Representatives.  If you contend there is any other person who should be notified for the claims set forth herein, or that this letter does not provide sufficient notice pursuant to O.C.G.A. § 50-21-26, please contact me immediately and we will correct any deficiencies.  Otherwise, you will be deemed estopped from contending otherwise.

I look forward to hearing from you regarding this matter.  Thank you for your consideration.

Sincerely,

Min J. Koo

MJK/nb
Enclosures


**UNITED STATES**
**POSTAL SERVICE**

March 6, 2020

Dear Min Koo:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9414 8118 9956 1035 4594 11**.

| Item Details | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | March 6, 2020, 10:29 am |
| **Location:** | CEDARTOWN, GA 30125 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Mr Bill Fann City Manager City of Cedartown |

| Shipment Details | |
|---|---|
| **Weight:** | 2.0oz |

| Destination Delivery Address | |
|---|---|
| **Street Address:** | 201 EAST AVE |
| **City, State ZIP Code:** | CEDARTOWN, GA 30125-3001 |

**Recipient Signature**

| | |
|---|---|
| Signature of Recipient: | *[handwritten signature]* |
| Address of Recipient: | *201* |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004


UNITED STATES
POSTAL SERVICE

March 6, 2020

Dear Min Koo:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9414 8118 9956 1035 4158 06**.

| Item Details | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | March 6, 2020, 10:29 am |
| **Location:** | CEDARTOWN, GA 30125 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Mr Matt Foster Chairman City of Cedartown |

| Shipment Details | |
|---|---|
| **Weight:** | 2.0oz |

| Destination Delivery Address | |
|---|---|
| **Street Address:** | 201 EAST AVE |
| **City, State ZIP Code:** | CEDARTOWN, GA 30125-3001 |

### Recipient Signature

Signature of Recipient: *Jleh Cook Tiff Cook*

Address of Recipient: *201*

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



March 6, 2020

Dear Min Koo:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9414 8118 9956 1035 4619 64**.

| Item Details | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | March 6, 2020, 10:30 am |
| **Location:** | CEDARTOWN, GA 30125 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Mr Jamie Newsome Cedartown Police Department |

| Shipment Details | |
|---|---|
| **Weight:** | 2.0oz |

| Destination Delivery Address | |
|---|---|
| **Street Address:** | 118 N PHILPOT ST |
| **City, State ZIP Code:** | CEDARTOWN, GA 30125-2738 |

**Recipient Signature**

Signature of Recipient: *Allison Privett*

Address of Recipient:
**118 N PHILPOT ST**
**CEDARTOWN, GA**
**30125**

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004


**UNITED STATES**
**POSTAL SERVICE**

March 6, 2020

Dear Min Koo:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9414 8118 9956 1035 4001 92**.

| Item Details | |
| --- | --- |
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | March 6, 2020, 10:11 am |
| **Location:** | CEDARTOWN, GA 30125 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | e |

| Shipment Details | |
| --- | --- |
| **Weight:** | 2.0oz |

| Destination Delivery Address | |
| --- | --- |
| **Street Address:** | 223 S COLLEGE ST |
| **City, State ZIP Code:** | CEDARTOWN, GA 30125-2935 |

**Recipient Signature**

Signature of Recipient: *Sarah Statler*

Address of Recipient:
**223 S COLLEGE ST**
**CEDARTOWN, GA**
**30125**

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004


**UNITED STATES**
**POSTAL SERVICE**

March 6, 2020

Dear Min Koo:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9414 8118 9956 1035 4700 27**.

| Item Details | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | March 6, 2020, 10:29 am |
| **Location:** | CEDARTOWN, GA 30125 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Ms Dale Tuck Chairman Pro Tem City of Cedartown |

| Shipment Details | |
|---|---|
| **Weight:** | 2.0oz |

| Destination Delivery Address | |
|---|---|
| **Street Address:** | 201 EAST AVE |
| **City, State ZIP Code:** | CEDARTOWN, GA 30125-3001 |

**Recipient Signature**

Signature of Recipient: *Dull Conk Tiff Conk*

Address of Recipient: *201*

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



March 8, 2020

Dear Min Koo:

The following is in response to your request for proof of delivery on your item with the tracking number: **9414 8118 9956 1035 6167 46**.

| Item Details | |
| --- | --- |
| **Status:** | Delivered |
| **Status Date / Time:** | March 7, 2020, 12:18 pm |
| **Location:** | ROME, GA 30162 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Mr J  Anderson Davis Brinson Askew Berry |

| Shipment Details | |
| --- | --- |
| **Weight:** | 2.0oz |

| Recipient Signature |
| --- |

| | |
| --- | --- |
| Signature of Recipient: |  |
| Address of Recipient: | |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004


**UNITED STATES**
**POSTAL SERVICE**

September 10, 2020

Dear Min Koo:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9414 8118 9956 4801 9154 70**.

| Item Details | |
| --- | --- |
| **Status:** | Delivered, Individual Picked Up at Postal Facility |
| **Status Date / Time:** | September 8, 2020, 7:42 am |
| **Location:** | ATLANTA, GA 30334 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | eneral Counsel Georgia House of Representatives |

| Shipment Details | |
| --- | --- |
| **Weight:** | 3.0oz |

| Destination Delivery Address | |
| --- | --- |
| **Street Address:** | 332 STATE CAPITOL SW |
| **City, State ZIP Code:** | ATLANTA, GA 30334-1160 |

**Recipient Signature**

Signature of Recipient: *Oriana L. Jones*

Address of Recipient: *Capitol Hill 30334*

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



September 10, 2020

Dear Min Koo:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9414 8118 9956 4801 9367 96**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Postal Facility |
| **Status Date / Time:** | September 8, 2020, 7:42 am |
| **Location:** | ATLANTA, GA 30334 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Department of Administrative Services |

## Shipment Details

| | |
|---|---|
| **Weight:** | 3.0oz |

## Destination Delivery Address

| | |
|---|---|
| **Street Address:** | 200 PIEDMONT AVE SE STE 1220 |
| **City, State ZIP Code:** | ATLANTA, GA 30334-9024 |

## Recipient Signature

Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004