# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| MANFRED KEAIS, *individually and as Administrator of the Estate of Eric Christopher Keais,* | ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | CIVIL ACTION FILE |
| RALPH WILLIAM DOVER, III; OTHEL D. KELLEY III, *Individually and in his official capacity*; JAMES C. NEWSOME, JR., *Individually and in his official capacity*; and CITY OF CEDARTOWN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | NO: 4:21-CV-00175-MHC |
| Defendants. | ) | |

## MR. KELLEY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT

COMES NOW Defendant Othel D. Kelley III ("Mr. Kelley"), in his individual capacity,[1] through his undersigned counsel of record and submits this response in opposition to Plaintiff's "Motion to File Second Amended Complaint" ("Plaintiff's Motion"). In support of his response, Mr. Kelley presents the following:

## I. Facts and Procedural History[2]

The subject lawsuit stems from a September 11, 2019 accident wherein Defendant Ralph William Dover, III ("Defendant Dover") struck Plaintiff's son while driving home from a county fair. [Doc. 1] at ¶¶ 1, 16. On August 13, 2021, Manfred Keais ("Plaintiff") filed this civil rights and tort action following the death of his son ("the decedent"). [Doc. 1]. In response, counsel for Mr. Kelley (in his individual capacity) filed a Motion to Dismiss on October 6, 2021. [Doc. 2]. Before the Court could rule on the motion, Plaintiff's Complaint was subsequently amended on October 27, 2021. [Doc. 3]. Plaintiff's First Amended Complaint made few substantive changes; it merely dropped allegations against the Cedartown Police

---

[1] Because Plaintiff chose to name Defendant Kelley in his official capacity as a Member of the Georgia General Assembly, as well as in his personal capacity as a private citizen, Mr. Kelley was required to obtain separate counsel for these two different sets of claims. The Office of the Attorney General of Georgia, through a Special Assistant Attorney General, represents Mr. Kelley in his official capacity, and has responded separately. As the attorneys provided by the State are precluded from representing Mr. Kelley in his personal capacity, Mr. Kelley personally retained the undersigned counsel to defend him against the claims brought against him individually, as a private citizen.

[2] For purposes of this motion only, Defendant must accept Plaintiff's well-pled facts in the Complaint as true. *McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004).

Department and clarified Plaintiff's § 1983 claims. [Doc. 3] at ¶¶ 110–117. Again, counsel for Mr. Kelley filed a Motion to Dismiss on November 10, 2021. [Doc. 4] Plaintiff filed a response to Mr. Kelley's Motion to dismiss on November 26, 2021. [Doc. 5].

Now, for a second time, Plaintiff seeks to amend his Complaint. [Docs. 6 and 7]. Similarly to Plaintiff's First Amended Complaint, Plaintiff's Second Amended Complaint makes almost no substantive changes. In fact, it simply omits Plaintiff's previous claims under 42 U.S.C. § 1985 and the Georgia Tort Claims Act, and asserts the possibility that Mr. Kelley was in Defendant Dover's vehicle when the accident occurred (a claim that Mr. Kelley denies).[3] [Doc. 7] at ¶ 24. These changes do not require amendments because they do not alter the legal analysis.

As such, Mr. Kelley objects to Plaintiff's Second Amended Complaint, as another amended complaint would cause undue delay and is futile. Therefore, Mr. Kelley requests that the Court deny Plaintiff's Motion and, instead, rule on the pending motions.

---

[3] Moreover, although not impactful on Mr. Kelley in his individual capacity, Plaintiff's Second Amended Complaint maintains the claims against Mr. Kelley as a state actor.

## II. Argument and Citation of Authority

A party may amend its pleading once as a matter of course within 21 days after serving it, or 21 days after service of a responsive pleading or certain Rule 12 motions. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, a motion to amend may be denied on numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (quotation omitted).

A district court has extensive discretion in deciding a plaintiff's motion for leave to amend his complaint "on numerous grounds" such as "undue delay, undue prejudice to the defendants, and futility of the amendment." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) citing *Lacy v. BP PLC*, No. 15-13130, 2018 U.S. App. LEXIS 1762, at *1, *4 (11th Cir. Jan. 22, 2018), *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "[I]t is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions." *Lowe's Home Ctrs., Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002). Any

one of the above grounds is a sufficient basis for denying leave to amend. *Brewer-Giorgio*, 216 F.3d 1284. Two grounds are present here: undue delay and futility.

> **1.  The Court should deny Plaintiff's Motion because granting leave would cause further undue delay.**

The Supreme Court has held that "undue delay, bad faith or dilatory motive on the part of the movant" may be the basis for denying leave to amend. *Foman v. Davis*, 371 U.S. at 182. Moreover, "when a plaintiff fails to state a reason for failing to amend earlier, such as newly discovered facts, a change in law, or other mitigating circumstances, denying the motion to amend is especially proper." *Marchelletta v. Bergstrom*, No. 17-11708, 2017 WL 5505301, at *1 (N.D. Ga. Feb. 15, 2017), *aff'd*, 752 F. App'x 724 (11th Cir. 2018). In *Marchelletta*, the court denied a plaintiff's motion to amend his complaint a second time, in part, because he offered no explanation justifying another amendment. *Id.* at *2. Further, the court recognized that briefing of the defendants' former motions to dismiss alerted the plaintiff as to deficiencies in his case. *Id.* As such, the court declined allowing the plaintiff a "third bite at the apple." *Id.*

Four months have passed since litigation ensued. Although the defendants have filed multiple motions to dismiss, the Court has not had a chance to rule on any of them due to Plaintiff's amendments. As such, litigation has not progressed in any regard. Now, Plaintiff seeks to amend his Compliant a second time, necessitating

additional responses from the defendants. To grant leave would cause undue delay, further prolonging the Court's opinion. Such delay is especially unnecessary, as Plaintiff's amended complaints make few substantive changes.

Moreover, as was the case in *Marchelletta*, Plaintiff has offered no explanation as to his need to amend. *Id.* In fact, he simply omits a few allegations and adds a new, unsupported factual allegation. Under the court's ruling in *Marchelletta*, granting Plaintiff leave to amend would allow him to remedy deficiencies which the defendants have exposed in their motions to dismiss. *Id.* Plaintiff should not be allowed a "third bite at the apple." *Id.* Rather, Mr. Kelley requests that the Court deny Plaintiff's Motion and rule on the existing pleadings so that litigation may progress.

### 2. The Court should deny Plaintiff's Motion because Plaintiff's Second Amended Complaint is futile.

Even if the Court does not deny Plaintiff's request on the grounds of undue delay, it should do so because Plaintiff's amendments are futile. "[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. C.R. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (quoting *Halliburton & Assoc., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985)).

As stated in Mr. Kelley's Renewed Motion to Dismiss, Plaintiff's claims against Mr. Kelley are subject to dismissal on the following grounds: (1) Mr. Kelley owed no duty to rescue the decedent or call 9-1-1 for injuries that he did not cause; and (2) Plaintiff fails to plausibly argue that Mr. Kelley caused the decedent emotional distress or engaged in extreme or outrageous conduct.

Importantly, despite having multiple chances, Plaintiff's Proposed Second Amended Complaint does not remediate these deficiencies. In fact, the changes do not even prompt a new analysis. Even if Plaintiff's allegation was correct that Mr. Kelley was in the vehicle when the accident occurred (a claim that Mr. Kelley denies), the duties owed do not change as there is no allegation that he was driving the vehicle. Because Plaintiff's Proposed Second Amended Complaint is still subject to dismissal, the amendments are futile. *Burger King Corp*., 169 F.3d at 1320. As such, Mr. Kelley requests that the Court deny Plaintiff's Motion.

## **CONCLUSION**

Based on the foregoing, Mr. Kelley requests that Plaintiff's Motion be denied, and that Mr. Kelley's Motions to Dismiss be granted.

This 15th day of December, 2021.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By: ***/s/ Pamela N. Lee***
Pamela Newsom Lee
Georgia Bar No. 198981
M. Ames Filippini
Georgia Bar No. 577150
*Attorneys for Othel D. Kelley, III in his individual capacity.*

Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, GA 30309-3231
404-874-8800 (ph)
404-888-6199 (fax)
Pamela.lee@swiftcurrie.com
Ames.filippini@swiftcurrie.com

# CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D) of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point, pursuant to LR 5.1(C).

This 15th day of December, 2021.

        **SWIFT, CURRIE, McGHEE & HIERS, LLP**

        */s/ Pamela N. Lee*
By: _____
        Pamela Newsom Lee
        Georgia Bar No. 198981
        M. Ames Filippini
        Georgia Bar No. 577150
        *Attorneys for Defendant Othel D. Kelley III in his individual capacity.*

Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, GA  30309-3231
404-874-8800 (ph)
404-888-6199 (fax)
Pamela.lee@swiftcurrie.com
Ames.filippini@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing MR. KELLEY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT with the Clerk of Court via the CM/ECF system, which will send automatic notification to the following parties:

Min J. Koo, Esq.
INFINITY TRIAL GROUP, P.C.
1201 West Peachtree Street NW
Ste 2300
Atlanta, GA 30309
Min@InfinityTrial.com

Annarita L. McGovern
Satcher & McGovern
288 S. Main Street
Suite 100
Alpharetta, GA 30009
amcgovern@satchermcgovernlaw.com

Ranse M. Partin
Conley Griggs Partin, LLP- GA
Building One, Suite 300
4200 Northside Parkway, NW
Atlanta, GA 30327
ranse@conleygriggs.com

J. Anderson Davis
Samuel L. Lucas
BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON & DAVIS, LLP
Post Office Box 5007
Rome, Georgia 30162-5007
adavis@brinson-askew.com
slucas@brinson-askew.com

This 15th day of December, 2021.

                        **SWIFT, CURRIE, McGHEE & HIERS, LLP**

                By:   ***/s/ Pamela N. Lee***
                      Pamela Newsom Lee
                      Georgia Bar No. 198981
                      M. Ames Filippini
                      Georgia Bar No. 577150
                      *Attorneys for Othel D. Kelley III*
                      *in his individual capacity.*

Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, GA 30309-3231
404-874-8800 (ph)
404-888-6199 (fax)
Pamela.lee@swiftcurrie.com
Ames.filippini@swiftcurrie.com

4876-3495-8085, v. 1