IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| MANFRED KEAIS, *Individually and as Administrator of the Estate of Eric Christopher Keais*, *Deceased*,<br><br>Plaintiff,<br><br>v.<br><br>RALPH WILLIAM DOVER, III;<br>OTHEL D. KELLEY, III, *Individually and in his official capacity*;<br>JAMES C. NEWSOME, JR., *Individually and in his official capacity*;<br>and CITY OF CEDARTOWN,<br><br>Defendants. | CIVIL ACTION FILE<br>4:21-CV-00175-MHC |

### PLAINTIFF'S RESPONSE TO DEFENDANT OTHEL D. KELLEY'S MOTIONS TO DISMISS OFFICIAL CAPACITY CLAIMS

COMES NOW, Plaintiff Manfred Keais, and filed this Response to Defendant Othel D. Kelley's Motion to Dismiss Official Capacity Claims and respectfully shows this Court as follows:

Plaintiff Manfred Keais ("Keais") intends to file next week a motion to amend his complaint that will remove all claims against Othel D. Kelley in his official capacity. Under prevailing Eleventh Circuit case law, district courts ought nearly always provide plaintiffs at least one opportunity to amend by motion. *See Banks v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991); *Laurie v. Ala. Ct. of Crim*

*App.*, 256 F.3D 1266, 1274 (11th Cir. 2001). Because this Court will likely grant the motion to amend, Kelley's motion to dismiss official capacity claims will shortly be rendered moot. However, because some of the arguments Kelley raises in his motion to dismiss could apply to other claims that will remain pending, in an abundance of caution, Keais will respond to those arguments here.

## ARGUMENT AND CITATION OF AUTHORITY

**I.     None of Keais' Claims Are Barred by Eleventh Amendment Immunity**

Kelley first argues that Eleventh Amendment immunity bars Keais' official capacity claims against Kelley. #23-1, at 7-10. That position is wrong, because the Eleventh Amendment bars lawsuits only against state officials, and does not serve to bar to claims against municipalities. *See, e.g., Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 281 (1977). Here, Keais' official capacity claims against Kelley were brought in his capacity as "an employee of the City of Cedartown and acting within the scope of his employment as the Municipal Solicitor," #9, at ¶ 74. Accordingly, the Eleventh Amendment would not have barred these claims. Of future relevance, Keais' claims against Defendant Newsome in his official capacity likewise allege that he "was an employee of the City of Cedartown and acting within the scope of his employment as the Police Chief." *Id.* Thus to the extent the amended complaint contains official capacity claims against Newsome, those claims are likewise not barred by the Eleventh Amendment.

## II. Kelley's Assertion that Keais Has Not Adequately Alleged that Kelley Acted Under Color of State Law Is Incorrect

Kelley next argues that Keais' § 1985 conspiracy claim fails for several reasons. #23-1, at 10-16. Because Keais will not plead a § 1985 claim in his proposed second amended complaint, that argument will be rendered moot. However, Kelley also includes several arguments, unnecessarily to resolve his motion, that Keais could not properly state a § 1983 claim. Each of these arguments are false.

First, Kelley argues that such a claim would be barred by Eleventh Amendment Immunity. #23-1, at 11-12. But, as discussed *supra*, that argument is incorrect because Keais' official capacity claims assert municipal action. Second, Kelley argues that a plaintiff raising a § 1983 claim must show that the Defendant was acting under color of state law. #23-1, at 12. Yet Kelley admits that "Section 1983 seeks to prevent misuse of power made possible only because the wrongdoer is clothed with the authority of state law." *Id.* That allegation is precisely the one Keais has properly made here and will include in his Second Amended Complaint. Specifically, under color of his title both as a member of the Georgia General Assembly and as the Cedartown Municipal Solicitor—whose job expressly includes prosecution of traffic offenses—interjected himself in a hit-and-run crime committed by his friend and used his position and influence to obtain an improper personal favor from Defendant Newsome. #19, at ¶ 62. These allegations raise a

reasonable inference that discovery will unearth a triable issue of fact as to whether Kelley acted under color of state law.

Kelley's argument that there is insufficient evidence that he was executing his official prosecutorial duties—aside from raising an issue best addressed at summary judgment—misses the boat because it conflates the showing necessary to demonstrate "under color of law" with the state official immunity standard, which requires an employee be acting "within the scope of his or her official duties or employment." *See* O.C.G.A. § 50-21-25. The Supreme Court has long held that "under color of law" encompasses the "[m]isuse of power" made possible "because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941); *see also Ex Parte Virginia,* 100 U.S. 339, 346 (1879) ("Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law."). That conduct is precisely what Keais alleges Kelley engaged in here, wrongfully using his position of official authority in his community to call in a favor.

Finally, Kelley's argument that Keais cannot show a violation of an underlying Constitutional right is frivolous, because Kelley's conduct approximately caused a death, and the deprivation of his life without due process and equal protection is itself a Constitutional violation.

### III. Each of Kelley's Arguments Regarding the GTCA Will Be Rendered Moot

Kelley raises several arguments regarding the applicability of the Georgia Tort Claims Act. #23-1, at 16-19. These arguments will each be rendered moot by the filing of the Second Amended Complaint, which will remove claims against Kelley in his official capacity. However, Keais notes that Kelley is simply incorrect that Keais did not serve an ante litem notice or attach it to his Amended Complaint. He did.

In addition, Kelley's brief includes several arguments regarding whether Kelley has a discretionary duty to render aid. #23-,1 at 19. This briefing is irrelevant to Kelley's argument, which asserts that he is immune from claims based on discretionary acts. Because some of these arguments will be relevant to addressing the individual claims against Kelley, Keais will address them in briefing on that motion.

### IV. Kelley's Arguments That He Must Have Violated a Ministerial Duty is Contradictory to Its Own Position

Kelley next suggests that Keais cannot rely on arguments that Kelley acted under color of municipal law because he has immunity from liability for all but ministerial acts. #23-1, at 20-21. As explained *supra*, Kelley has no such claim to immunity because Kelley himself argues he was not executing an official job function. An individual who acts under color of law but not pursuant to his job

responsibilities is subject both to individual liability under § 1983 and cannot avail himself of official immunity. Kelley cannot assert otherwise, because he himself is arguing he did not act pursuant to his job responsibilities.

### V. Kelley's Remaining Claims Regarding Breach of Duty and Intentional Infliction of Emotional Distress Will Be Addressed in Response to the Other Motions to Dismiss

Kelley concludes with various arguments that Keais cannot state a claim under O.C.G.A. § 16-5-60 or for intentional infliction of emotional distress. Because that argument is primarily applicable to Keais' individual claims, Keais will address it in response to the other pending motions to dismiss.

### CONCLUSION

Because Kelley's motion to dismiss the official capacity claims against him will be rendered moot next week, this Court should delay adjudication until then and then deny it as moot. To the extent this Court addresses any portions of the motion to dismiss applicable to other claims in this action, it should deny it.

Respectfully submitted, this 26th day of November 2021.

INFINITY TRIAL GROUP, P.C.

_____
Min J. Koo
Georgia Bar No. 140984
*Attorney for Plaintiff*

1201 W. Peachtree St., Suite 2300
Atlanta, Georgia 30309
T: (404) 795-5011 / F: (404) 393-9267
E: Min@InfinityTrial.com

## CERTIFICATE OF SERVICE AND COMPLIANCE

This is to certify that I have this date served a copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT OTHEL D. KELLEY'S MOTIONS TO DISMISS OFFICIAL CAPACITY CLAIMS by using the Court's CM/ECF filing system which automatically serves all counsel of record. The undersigned further certifies that the foregoing document has been prepared in accordance with the requirements of Local Rule 5.1(B) of the Northern District of Georgia.

This 26th day of November 2021.

                                        INFINITY TRIAL GROUP, P.C.

                                        Min J. Koo
                                        Georgia Bar No. 140984
                                        *Attorney for Plaintiff*

One Atlantic Center
1201 W. Peachtree St., Suite 2300
Atlanta, Georgia 30309
T: (404) 795-5011 / F: (404) 393-9267
E: Min@InfinityTrial.com