IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

MANFRED KEAIS, Individually
and as the Natural Parent and as
Administrator of Estate of Eric
Christopher Keais, Deceased,

      Plaintiff,

v.

RALPH WILLIAM DOVER, III,
OTHEL D. KELLEY, III, JAMES C.
NEWSOME, JR., and CITY OF
CEDARTOWN,

      Defendants.

CIVIL ACTION FILE

NO. 4:21-CV-175-MHC

## ORDER

This case comes before the Court on Defendant Othel D. Kelley ("Kelley")'s

Second Renewed Motion to Dismiss [Doc. 52], Kelley's Renewed Motion to

Dismiss Claims Made Against Him Based on his Position as a State Official

("Kelley's Renewed Motion")[1] [Doc. 55], Defendant James C. Newsome, Jr.

---

[1] Although Kelley's Renewed Motion purports to address claims made against him
in his official capacity, the brief in support of Kelley's Renewed Motion only
"addresses the single federal claim made against Defendant Kelley in his
individual capacity as a state official/employee – the Fourteenth Amendment §
1983 claim." Br. in Supp. of Kelley's Second Mot. [Doc. 55-1] at 3. As the Court

("Newsome")'s Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. 58], and Defendant City of Cedartown (the "City")'s Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. 59].

## I.   BACKGROUND[2]

This case arises from a hit-and-run motor vehicle collision (the "Collision") that resulted in the death of Eric Keais ("Keais"). Second Am. Compl. [Doc. 51] ¶¶ 1, 13-52. On September 11, 2019, Defendant Ralph William Dover, III ("Dover") struck Keais, a bicyclist, with his motor vehicle and then left Keais on the side of the road. Id. ¶¶ 1, 13-20. Plaintiff alleges that Dover then "enlisted the help of his personal friend," Kelley, who at that time was the Cedartown Municipal Solicitor and a member of the Georgia House of Representatives. Id. ¶ 21. Dover called Kelley at approximately 8:30 p.m. after the Collision and, after learning more about the Collision, Kelley called Newsome, the Police Chief for the Cedartown Police Department (the "Department"), at approximately 9:11 p.m. to

_____

indicated in its June 22, 2022, Order, Plaintiff does not assert a claim against Kelley in his official capacity. June 22, 2022, Order [Doc. 50] at 8 n.7.

[2] Because this case is before the Court on multiple motions to dismiss, the facts are presented as alleged in Plaintiff's Second Amended Complaint [Doc. 51], the operative complaint in this case. Silberman v. Miami Dade Transit, 927 F.3d 1123, 1128 (11th Cir. 2019).

inform Newsome of the Collision. Id. ¶¶ 22-29. Newsome agreed to assist Kelley and Dover, and took control of the situation and resulting investigation. Id. ¶ 30. Newsome then contacted Sergeant Turner ("Turner"), a police officer with the Department, and ordered him to meet with Kelley and Dover, instead of notifying a police dispatcher of the Collision, in violation of the Department's Standard Operating Procedures ("SOP"). Id. ¶¶ 31, 33-34, 37-40. Turner followed Newsome's directions and met with Kelley and Dover away from the scene of the Collision. Id. ¶ 43.

After conferring with Kelley and Dover, Turner went to the scene of the Collision where he discovered Keais still alive on the side of the road, and at 9:29 p.m., Turner requested emergency medical services. Id. ¶¶ 45-47. Newsome also arrived at the scene of the Collision to supervise the investigation. Id. ¶ 48. Keais was transported to a nearby hospital, where he died from his injuries at 10:15 p.m.. Id. ¶ 52.

The Second Amended Complaint includes the following claims under federal law: violation of civil rights against the City under 42 U.S.C. § 1983 (Count V); violation of civil rights against Kelley and Newsome under 42 U.S.C. § 1983 (Count VI); and damages against all Defendants under 42 U.S.C. § 1988 (Count VII). Id. ¶¶ 100-117. Plaintiff also asserts the following claims under state

3

law: negligence/wrongful death against all Defendants (Count I); negligent infliction of emotional distress against Dover (Count II); intentional infliction of emotional distress against Kelley and Newsome (Count III); and negligent hiring/training/retention/supervision against the City (Count IV).[3] Second Am. Compl. ¶¶ 59-99.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a claim will be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

---

[3] Plaintiff also brings derivative claims for punitive damages and attorney's fees under both state and federal law (Counts VIII and IX). Id. ¶¶ 118-122.

4

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation omitted).  Thus, a claim will survive a motion to dismiss only if the factual allegations in the pleading are "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

At the motion to dismiss stage, the court accepts all well-pleaded facts in the Plaintiff's Complaint as true, as well as all reasonable inferences drawn from those facts. McGinley v. Houston, 361 F.3d 1328, 1330 (11th Cir. 2004); Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002).  Not only must the court accept the well-pleaded allegations as true, but these allegations must also be construed in the light most favorable to the pleader. Powell v. Thomas, 643 F.3d 1300, 1302 (11th Cir. 2011).  However, the court need not accept legal conclusions, nor must it accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.  Thus, evaluation of a motion to dismiss requires the court to assume the veracity of well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

## III.  DISCUSSION

### A.  PLAINTIFF'S SECTION 1983 CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

"It is well established that [42 U.S.C. §] 1983 itself creates no substantive rights; it merely provides a remedy for deprivations of federal rights established

5

elsewhere." Wideman v. Shallowford Cmty. Hosp., Inc., 826 F.2d 1030, 1032

(11th Cir. 1987) (citing City of Okla. City v. Tuttle, 471 U.S. 808, 816 (1985)).  To

sustain a cause of action based on section 1983, a litigant must establish two

elements: (1) that he suffered a deprivation of a right, privilege, or immunity

protected by the U.S. Constitution or federal law, and (2) that the act or omission

causing the deprivation was committed by a person acting under color of state law.

Livadas v. Bradshaw, 512 U.S. 107, 132 (1994); Arrington v. Cobb Cnty., 139

F.3d 865, 872 (11th Cir. 1998).  "[S]ection 1983 imposes liability only 'for

violations of rights protected by the Constitution, not for violations of duties of

care arising out of tort law.'"  Wideman, 826 F.2d at 1032 (quoting Baker v.

McCollan, 443 U.S. 137, 146 (1979)).  Accordingly, "[i]n any § 1983 action, a

court must determine 'whether the Plaintiff has been deprived of a right secured by

the Constitution and laws of the United States.'"  Glenn v. Brumby, 663 F.3d 1312,

1315 (11th Cir. 2011) (quoting Baker, 443 U.S. at 146).  "Absent the existence of

an underlying constitutional right, no section 1983 claim will lie."  Wideman, 826

F.2d at 1032.

Plaintiff's only two substantive federal claims are difficult to understand

from the allegations of the Second Amended Complaint.  In Count V, Plaintiff

asserts that the City, through Newsome, deviated from the SOP in a way that

6

deprived Keais "of his rights, privileges, and immunities" guaranteed by the Fourteenth Amendment. Second Am. Compl. ¶¶ 103, 105. In Count VI, Plaintiff contends that Kelley used his influence "with deliberate indifference" to "corrupt Newsome to deviate" from the SOP which deprived Keais of his "rights, privileges, and immunities" and the equal protection of the laws under the Fourteenth Amendment. Id. ¶¶ 108-111, 114. The Court will consider the motions to dismiss these two substantive claims based upon the arguments of the parties.

### 1.    Section 1983 Claim Against the City

In its Motion to Dismiss, the City correctly asserts that it is unclear specifically what constitutional violation is alleged by Plaintiff with respect to the City's actions. The City's Br. in Supp. of its Mot. to Dismiss ("City's Br.") [Doc. 59-1] at 17. The City argues that it is a "misguided attempt to convert state law tort claims into constitutional violations" and, to the extent that Plaintiff is alleging a class-of-one or selective enforcement equal protection claim, it fails for the failure to plausibly allege a similarly situated comparator. Id. at 17-18. The City also argues that Plaintiff has failed to allege that it had a custom or policy that was the moving force behind the alleged violation. Id. at 19.

Plaintiff's response to the City's arguments is, in a word, slim (constituting two paragraphs at the end of his response). Plaintiff states that he has properly

alleged that the City should have known that Newsome had a propensity to disregard Department policies but the City failed to investigate Newsome's performance as police chief. Pl.'s Resp. to the City's Mot. to Dismiss ("Pl.'s Resp. to City") [Doc. 60] at 13. In addition, Plaintiff states that there are equal protection allegations "throughout" the Second Amended Complaint and he has identified "an easily ascertainable group of potential comparators – victims of other vehicular negligence in Cedartown" which might be learned through discovery. Id. at 13-14.

A local government may not be sued under section 1983 simply because an injury is inflicted by its employees or agents. See McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (holding that a 1983 "plaintiff cannot rely upon the theory of *respondeat superior* to hold the County liable") (citing Monell v. Dept of Soc. Servs., 436 U.S. 658, 692 (1978)). A plaintiff seeking to hold a local government such as the City liable under § 1983 must show that the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [alleged] injury . . . ." Monell, 436 U.S. 658 at 694; see also Denno ex rel. Denno v. School Bd. of Volusia Cnty., 218 F.3d 1267, 1276 (11th Cir. 2000) (citing Monell, 436 U.S. at 694). Because a county is "liable under section 1983 only for acts for which the [county] is actually responsible," Marsh v. Butler Cnty., 268

8

F.3d 1014, 1027 (11th Cir. 2001) (en banc), Plaintiff "must identify a municipal policy or custom that caused . . . injury." Grech v. Clayton Cnty., 335 F.3d 1326, 1329 (11th Cir. 2003) (citation and internal punctuation omitted).

> To establish a policy or custom, it is generally necessary to show a persistent and wide-spread practice. Moreover, actual or constructive knowledge of such customs must be attributed to the governing body of the municipality. Normally random acts or isolated incidents are insufficient to establish a custom or policy.

Depew v. City of St. Marys, 787 F.2d 1496, 1499 (11th Cir. 1986). A plaintiff must show that the county's custom or practice is "the moving force behind the constitutional violation." City of Canton v. Harris, 489 U.S. 378, 389 (1989) (internal punctuation and citation omitted).

A plaintiff "has two methods by which to establish a county's policy: identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." Grech, 335 F.3d at 1329 (citing Monell, 436 U.S. at 690-91); see also Mandel v. Doe, 888 F.2d 783, 793 (11th Cir. 1989) ("Under this theory of municipal liability, the first step of the inquiry is to identify those individuals whose decisions represent the official policy of the local governmental unit."). To prove § 1983 liability based on custom, a plaintiff must establish a widespread practice that, although not authorized by written law or express

9

municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law. St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988). In other words, a longstanding and widespread practice is deemed authorized by the policymaking officials because they must have known about it but failed to stop it. Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1479 (11th Cir. 1991).

The Court finds that, viewing the allegations in the Second Amended Complaint in a light most favorable to Plaintiff, he has failed to allege facts that would support an inference of § 1983 liability on behalf of the City. In essence, Plaintiff alleges that the City, through Newsome, has "an informal policy and practice of deviating from the Cedartown Police Department's Standard Operating Procedure in cases involving notable or politically-connected individuals." Second Am. Compl. ¶ 102. But Plaintiff fails to allege any other incident other than the one following the Collision that would support such an allegation, indicating that he should be permitted to engage in discovery in order to identify "victims of other vehicular negligence in Cedartown." Pl.'s Resp. to City at 14. However, in order to sufficiently allege a Monell claim based on custom, "[a] pattern of similar constitutional violations . . . is ordinarily necessary, because a single violation is not so pervasive as to amount to a custom." Gurrera v. Palm Beach Cnty. Sheriff's Office, 657 F. App'x 886, 892-93 (11th Cir. 2016) (citing Craig v. Floyd Cnty.,

10

643 F.3d 1306, 1310 (11th Cir. 2011) and Grech, 335 F.3d at 1330); see also

Depew, 787 F.2d at 1499 ("Normally random acts or isolated incidents are

insufficient to establish a custom or policy."); Brooks v. Scheib, 813 F.2d 1191,

1193 (11th Cir. 1987) ("[T]he number of complaints bears no relation to their

validity."). Only a thoroughly engrained pattern of constitutional violations

satisfies this standard. The allegations in the Second Amended Complaint, or lack

thereof, do not meet this standard.

Consequently, the City's Motion to Dismiss Plaintiff's federal claim against

the City is **GRANTED**, and Count V is **DISMISSED**.

### 2.   Section 1983 Claim Against Kelley & Newsome

In Count VI of the Second Amended Complaint, Plaintiff contends that

Kelley used his influence to cause Newsome to fail to call a dispatcher to the scene

of the collision, which violated Keais's right to equal protection, and that discovery

will reveal that other Cedartown residents who do not have a relationship with

Kelley have been unable to have Newsome intervene on their behalf. Second Am.

Compl. ¶¶ 108-113. In their Motions to Dismiss, Kelley and Newsome assert that

Plaintiff has failed to allege facts sufficient to establish a violation of equal

protection and that, in any event, the action against them is barred by qualified

immunity. Kelley's Br. in Supp. of Mot. to Dismiss [Doc. 55-1] at 7-8, 11-15;

11

Newsome's Br. in Supp of Mot. to Dismiss [Doc. 58-1] at 21-24. In response, Plaintiff reiterates that he is not suing Kelley in his official capacity, that he has pled a sufficient claim to entitle him to discovery in order to produce a potential comparator for his equal protection claim to survive, and that qualified immunity does not apply. Pl.'s Resp. to Kelley's Mot. to Dismiss [Doc. 56] at 10-12; Pl.'s Resp. to Newsome's Mot. to Dismiss [Doc. 60] at 13-14].

The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). It appears that Plaintiff is proceeding under a "class of one" equal protection claim, a "less-developed strand of equal protection jurisprudence." Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1200 (11th Cir. 2007). In a "class of one" claim, a plaintiff alleges not that he belongs to a protected class, but that he is the only person being treated differently from all other similarly situated persons. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). In order to prevail, a plaintiff must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." PBT Real Est., LLC v. Town of Palm Beach, 988 F.3d 1274, 1285 (11th Cir. 2021). In the Eleventh Circuit, the "similarly situated" requirement is applied "with rigor." Griffin Indus., 496 F./3d at 1207.

12

The problem with Plaintiff's claim against both Newsome and Kelley is that it fails to allege a comparator that is similarly situated and cannot reasonably be distinguished. Lewis v. City of Union City, 918 F.3d 1213, 1227 (11th Cir. 2019); Griffin Indus., 496 F.3d at 1201. Plaintiff contends that "victims of other vehicular negligence in Cedartown" is a sufficiently similar comparator with respect to Newsome. Pl.'s Resp. to Newsome's Mot. to Dismiss at 14. However, this is insufficient detail to show that the alleged comparators are similarly situated in all relevant aspects. See Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006) ("[I]t must be *prima facie* identical in all relevant respects."); Griffin Indus., 496 F.3d at 1205 (11th Cir. 2007) ("A 'class of one' plaintiff might fail to state a claim by omitting key factual details in alleging that it is 'similarly situated' to another.").

With respect to Kelley, Plaintiff alleges that Kelley, "cloaked with influence as a public official, voluntarily injected himself into the investigation and handling of the Crime, thereby intentionally, recklessly, and with deliberate indifference violat[ed] Eric Keais' Fourteenth Amendment right to equal protection of the laws." Second Am. Compl. ¶ 110. But for Plaintiff to allege a constitutional violation based on Kelley's "discriminatory enforcement of his prosecutorial

13

powers," id., there must be additional facts alleged about a similarly situated comparator. Griffin Indus., 496 F.3d at 1201. But the only allegations in the Complaint that go towards identifying a comparator with respect to Kelley's actions state that:

> discovery will show that other Cedartown residents have been involved in automotive collisions but, because they do not have a personal relationship with Defendant Kelley, Defendant Kelley has not intervened on their behalf and attempted to influence Defendant Newsome to deviate from Standard Operating Procedures.

Second Am. Compl. ¶ 112. This is insufficient to show that the comparators are "identical in all relevant respects[.]" Campbell, 434 F.3d at 1314. Alleging that Cedartown residents were involved in automobile collisions says nothing about whether the other residents were similarly situated to Keais and how Kelley or Newsome's actions deviated in those incidents. The allegations in the Complaint, or lack thereof, do not meet this standard for neither Newsome nor Kelley. Therefore, Kelley's Renewed Motions to Dismiss and James C. Newsome Jr.'s Motion to Dismiss Plaintiff's Second Amended Complaint are **GRANTED** and

Plaintiff's § 1983 claims against Newsome and Kelley in Count VI of the

Complaint are **DISMISSED**.[4]

Because the Court has dismissed the only two substantive claims under

§ 1983, Plaintiff's derivative federal claims for damages, punitive damages, and

attorney's fees (Counts VII-IX) must also be **DISMISSED**.

### B.     THIS COURT DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS.

Because the Court has dismissed all of Plaintiff's federal claims, the Court

must determine whether it should exercise supplemental jurisdiction over his

remaining state law claims.

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).  However, a district court may decline to exercise

supplemental jurisdiction over a state law claim if the district court has dismissed

all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  In

---

[4] Because Plaintiff has failed to state a claim against Kelley or Newsome for violation of equal protection, the Court need not discuss whether qualified immunity also bars such claims.

determining whether to exercise supplemental jurisdiction over pendent state law claims under § 1367(c), a court should consider "such factors [as] judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together." See Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 725-26 (1966)).

> When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 & n.7 (1988). "When the district court has dismissed all federal claims from a case, there is a strong argument for declining to exercise supplemental jurisdiction over the remaining state law claims." Arnold v. Tuskegee Univ., 212 F. App'x 803, 811 (11th Cir. 2006). The Eleventh Circuit Court of Appeals has noted that "if the federal claims are dismissed prior to trial, Gibbs strongly encourages or even requires dismissal of state claims." L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984) (citing Gibbs, 383 U.S. at 726); see also Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997) (quoting Carnegie-Mellon Univ., 484 U.S. at 350 n.7) ("When federal law claims have dropped out of

16

the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.").

Accordingly, the Court finds that judicial economy, convenience, fairness, and comity favor resolution by a state court of Plaintiff's remaining state law claims. See, e.g., Leitgeb v. Kelley, 510 F. Supp. 2d 1227, 1237 (N.D. Ga. 2007) (dismissing Plaintiff's remaining state law claims without prejudice after dismissing his federal claims arising under 42 U.S.C. § 1983). Therefore Counts I, II, III, IV are hereby **DISMISSED WITHOUT PREJUDICE**.

## IV.   CONCLUSION

It is hereby **ORDERED** that Othel D. Kelley's Second Renewed Motion to Dismiss [Doc. 52], Othel D. Kelley's Renewed Motion to Dismiss Claims Made Against Him Based on his Position as a State Official [Doc. 55], James C. Newsome Jr.'s Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. 58], and City of Cedartown's Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. 59] are **GRANTED IN PART and DENIED IN PART**. The Motions are **GRANTED** with respect to the following counts in the Second Amended Complaint [Doc. 51]: Counts V, VI, VII, the federal claim for punitive damages in Count VIII, and the federal claim for attorney's fees in Count IX. The

17

Motions are otherwise **DENIED WITHOUT PREJUDICE** as to Counts I, II, III, IV, the state claim for punitive damages in Count VIII, and the state claim for attorney's fees as to Count IX. Counts V, VI, VII, the federal claim for punitive damages in Count VIII, and the federal claim for attorney's fees in Count IX are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that this Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims, which are **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this ___25th___ day of October 2022.

_____
MARK H. COHEN
United States District Judge

18